# WHEELING.

## BUSKIRK *v.* RAGLAND *el al.*

Submitted June 13, 1908.   Deceided June 11, 1909.

1. WILLS—*Construction of Wills—Equity Jurisdiction.*
   There is no distinct jurisdiction in equity for the construction of wills. Equity has in this particular a special and limited jurisdiction only, which is incidental to its general jurisdiction over trusts and administrations. (p. 751.)

2. SAME.
   Jurisdiction in equity to construe wills arises only in cases where there is necessity for such construction in relation to actual litigation as to matters which are proper subjects of equity jurisdiction, such as relief on behalf of an executor, trustee, *cestui que trust*, or legatee. (p. 751.)

3. SAME—*Construction—Action.*
   One claiming under a will as devisee of a mere legal estate in real property, cannot come into equity for the sole purpose of obtaining a judicial construction of the provisions of the will upon which he relies. (p. 751.)

4. APPEAL AND ERROR—*Review—Jurisdictional Defects.*
   A decree upon a bill as to which equity has no jurisdiction, though no exception is taken to such bill, will upon appeal be reversed and the bill dismissed. (p. 752.)

Appeal from Circuit Court, Logan County.

Bill by Mary Buskirk against H. C. Ragland and others. Decree for defendants, and plaintiff appeals.

*Reversed, and Bill Dismissed.*

MARCUM & MARCUM, for appellant.

R. L. SHREWSBURY for appellees.

ROBINSON, JUDGE:

Plaintiff seeks by her bill in this suit to have a judicial construction of the last will and testament of her deceased husband. That will, which has been duly probated, is as follows: "I desire that my life policies be collected and out of it all my just debts to be paid and the remainder of it, together with all my real, personal and mixed estate, I bequeath to my beloved wife,

Mary A. Buskirk, for her life and then the same, or what is left of it, to be divided equally between my children by her."

The bill makes the executor and the children parties to the suit. Plaintiff avers that although she has been advised that the will vested in her the title to the real estate of which her husband died seized and the right to sell, convey and otherwise dispose of the same as she might desire, yet she is in doubt as to what rights and estate she takes under the will. Therefore she brings her bill for the purpose of having the will properly construed and her rights under it defined. There is also an averment that the personal estate has been principally consumed. Thus it appears that the plaintiff undertakes by this bill in equity to have the court say what are her rights in the real estate devised. There are no allegations in the bill showing any contest of rights arising under the will. Nor is anything shown from which can be conceived some usual ground of equity cognizance. The plaintiff merely asks the court to declare by a decree what estate she has in the lands devised. This request is the whole substance of her suit. It submits merely a moot question. It is not even shown that any one challenges the construction which plaintiff gives the will and which she would have the court, without the pendency of a contest of rights thereunder, sanction. The executor and the adult children answered the bill. They concede the construction of the will which plaintiff evidently desires the court to declare. They go so far as to pray that the will shall be construed as vesting in plaintiff a fee simple estate. Clearly is it so shown that there is no contest by the plaintiff with the executor and adult children as to any rights under the will. There are three infant children, however, who have answered in the usual form by a guardian *ad litem.*

The circuit court entered a decree declaring that the will gives plaintiff only a life estate. From that decree the plaintiff has appealed. It is insisted that the decree is erroneous because it does not declare that the will vests in plaintiff a fee simple estate. But we find the decree erroneous upon a wholly different ground. We express no opinion as to the character of plaintiff's rights under the will. Such question cannot properly arise upon the bill in this case.

The court was, upon the case made by the bill, wholly without jurisdiction to enter a decree construing the will. The case

does not involve anything that gives it standing in equity. This Court, in *Martin* v. *Martin,* 52 W. Va. 381, held: "Jurisdiction in equity to construe wills is limited and special and will only be exercised as incident to general equity jurisdiction, and then, in a particular case, only to the extent of determining whether or not the relief sought can be granted." There must be something more in a suit than a demand for the mere construction of a will; otherwise, equity cannot take jurisdiction. As said by Judge POFFENBARGER in the case cited: "There must be an actual litigation in respect to matters which are proper subjects of equity jurisdiction, such as relief on behalf of an executor, trustee, *cestui que trust,* or legatee. It is a special and limited jurisdiction incident to general equity jurisdiction over trusts and administrations." Where there is no trust or other element justifying the invocation of equity jurisdiction, the case is not a proper one for the bringing of a suit for the construction of a will. This doctrine is elucidated in 3 Pom. Eq. Jur., § 1156. It is true that the jurisdiction extends to the construction of a doubtful will of personal property at the suit of an executor or of a legatee, because of the implied trust relation existing between the executor and a legatee. And, because of trust relationship or jurisdiction incidental to proper administration of an estate, an executor or other fiduciary is sometimes entertained in a court of equity for a construction of the will under which he is acting. *McDonald* v. *Jarvis,* 64 W. Va. 62 (60 S. E. 990.) But unless a trust is expressed in the will and plainly involved, the jurisdiction does not extend to the construction of a will of real estate at the suit of a devisee of a mere legal title. The forum for the exertion of the rights of such devisee of land is clearly that of the law. Since the plaintiff's bill seeks solely a construction of the will for the purpose of establishing what title she has to the real estate devised, and does not come within the rule we have iterated, it has no place in equity. Let us use the words of Chancellor Walworth: "I am not aware of any case in which an heir at law of a testator, or a devisee, who claims a mere legal estate in the real property, where there was no trust, has been allowed to come into a court of equity for the mere purpose of obtaining a judicial construction of the provisions of the will. On the contrary, the decision of such legal questions belongs ex-

clusively to courts of law, except where they arise incidentally in this court in the exercise of its legitimate powers, or where the court has obtained jurisdiction of the case for some other purpose." *Bowers* v. *Smith,* 10 Paige 193.

No exception has been taken to the unwarranted foundation of the suit, either in the court below or upon this appeal. But the consent of parties cannot give jurisdiction. *Ohio River R. Co.* v. *Gibbens,* 35 W. Va. 57. Objection for want of jurisdiction appearing on the face of the bill and proceedings may be made for the first time upon appeal. 1 Enc. Digest, Va. & W. Va. 548. The rights of infants are here involved. In justice and protection to them, the court, whose wards they are, will not adjudicate upon their rights without jurisdiction so to do. In a sense, it is the duty of the court to raise the objection for them. 22 Cyc. 562. Besides it is clearly established that, although there has been no demurrer, if the court has no jurisdiction, it will dismiss the bill at the hearing. This Court will, regardless of the want of exception to a bill, dismiss it upon the hearing if the court below had no jurisdiction. *Cresap* v. *Kemble,* 26 W. Va. 603; *Freer* v. *Davis,* 52 W. Va. 1. The error of the court below in taking cognizance of a bill without jurisdiction so to do is a point fairly arising upon the record. Whether the error is assigned or not, our duty is to correct it by consideration and decision. Constitution, Art. VIII., sec. 5; *Eclipse Oil Co.* v. *South Penn Oil Co.,* 47 W. Va. 84.

The decree is reversed, and the plaintiff's bill is dismissed, but without prejudice to the rights of the complainant, or other parties to the suit, in any future litigation.

*Reversed, and Bill Dismissed.*