# CHARLESTON.

MESSER v. REITZ, EXECUTOR *et al.*

Submitted January 9, 1918.    Decided January 15, 1918.

1. WILLS—*Construction—Equity Jurisdiction.*
    The jurisdiction of courts of equity to construe wills is inci-
    dental only to the exercise of their general jurisdiction, and to
    the extent only of determining in each particular case whether
    the other relief prayed for ought to be granted. (p. 486).

2. SAME.
    And this jurisdiction is limited to such matters as are practical
    and call for present action in the premises, and upon which the
    court may properly pronounce a present decree. (p. 486).

Question Certified from Circuit Court, Tyler County.

Suit by Anna Messer against Walter Reitz, executor, etc.,
and others. Demurrer to bill overruled, and question of the
sufficiency of the bill as against the demurrer certified.

*Reversed and remanded.*

*O. B. Conway* and *Thomas P. Jacobs,* for plaintiff.
*M. H. Willis,* for defendants.

MILLER, JUDGE:

The circuit court having overruled the demurrer to the bill,
has, on its own motion and on the application of the demur-
rants, Reitz, executor, and of Nicholas, Rudolph, Jacob and
Samuel Messer, and C. R. Snyder, certified to this court the
question of the sufficiency of the bill on the demurrer thereto.

Plaintiff, Anna Messer, is the widow of the late Samuel G.
Messer, deceased. By his will Messer undertook to dispose of
his entire estate. By the first clause he gave to Herbert Messer
his gold watch and gun; by the second he directed his estate
to be kept intact for the period of five years from the date of
his death, his executor in the mean time to either sell sufficient
of his property to pay off his debts or a part of them, or to
continue to borrow money for the estate and keep the whole
of it together, as in his judgment should best subserve the

interests of the estate; and by the third clause he devised and bequeathed one third of the income from his estate during the five years, after the payment of interest on his debts, and other expenses, to his wife, the said Anna Messer; by the fourth provision the executor was directed to pay to their guardians for the keep of his daughter Violet Messer and his son Herbert Messer, the sum of five hundred dollars each, to be used as said guardians should deem best; by the fifth clause the executor was directed to keep the balance of the income from said estate and apply the same on the debts of the testator or accumulate the same as a surplus fund until the end of the five years; by the sixth clause there was given to Orien Ferrell the orange grove owned by the testator in Florida and of which he was given the immediate possession and was not to wait until the end of the five years provided for the distribution of his other estate.

The seventh and eighth clauses, and particularly the eighth, are the only provisions of the will involved or made the subjects of the relief of interpretation sought by the bill. They are as follows:

7. "At the end of five years, I direct my executor to deliver one-third (1-3) of my estate to my wife, Anna Messer; and to my son, Herbert Messer thirty thousand dollars, and to my daughter Violet Messer, thirty thousand dollars; which money shall be paid to their lawfully appointed guardian and by their guardian held and invested until said children are twenty-one years of age.

8. "I direct my executor to pay to Nicholas Messer and Samuel Snyder the balance of my estate to be held by them as trustees for the benefit of the families of my brothers and sisters as they may need."

The will is dated October 14, 1916; and according to the allegation of the bill filed at June Rules, 1917, the testator died October 16, 1916; and his will appears to have been probated on or prior to November 9, 1916, so that the right of plaintiff and the other devisees to final distribution of the estate had not at the time of filing the bill accrued to them, and will not by the provisions of the will so accrue until 1921.

As already indicated, the only relief sought by the bill is

the interpretation of the will with special reference to clause eight thereof, and that said clause for the several reasons alleged may be pronounced null and void, and that plaintiff may be decreed to have her full share of the property of decedent purporting to de devised thereby, according to the laws of the State of West Virginia, and for an accounting, etc.

The grounds of attack and on which such relief is sought against said eighth clause are substantially that the provisions thereof are so vague, uncertain and indefinite that it cannot operate to dispose of any portion of said estate to any one, and that the residuum of said estate must pass under some prior provision of the will, not specifically indicated, or what is more probable, lapse entirely, and that as to such part of his estate the testator died intestate, and that the trustees named took no estate thereby coupled with an interest or otherwise. It is moreover alleged that the ''families of my brothers and sisters'', supposed beneficiaries of said paragraph eight, excludes the brothers and sisters of the testator, as the words employed can only apply to the children or descendants of such brothers and sisters, and that there are none such in existence answering the description ''being in need'', or ''as they may need'', and furthermore that as the power of choice or selection of the beneficiaries vested or purporting to be vested in the trustees named is arbitrary or capricious, and there is no limitation upon such power, nor any rule prescribed by which to determine who the beneficiaries shall be, and their rights thereunder, and giving them right of action, said provision must fail for such uncertainty and vagueness, and that as to that part of his estate the testator must be decreed to have died intestate, and plaintiff decreed her share thereof according to the laws of West Virginia.

Besides the insufficiency of the grounds for relief alleged, the demurrants in the court below and in brief and oral argument here, have pointed out many other infirmities of the bill, conceding said eighth clause of the will to be void and ineffectual to pass title or right to the property as alleged. Briefly these are, that with the exception of the watch and gun of testator, and his orange grove in Florida, there are

no allegations as to the nature, quantity or value of the property devised; nor of the nature or amount of indebtedness; nor that there will in fact be any residuary estate after satisfying debts and specific legacies upon which said residuary clause can operate; nor is it alleged on the theory of intestacy as to the residue of said estate, who are the testator's heirs at law, nor are they made parties to the bill; nor is it alleged that the executor named in the will ever qualified, or took possession of the estate, or engaged in administering the same; nor indeed, with the exception noted, does it appear by allegation that the testator in fact had any estate.

And with more particular reference to the rights of the plaintiff to maintain her suit it is pointed out and relied on to reverse the decree, that she shows nothing by allegation or otherwise, within the cognizance of a court of equity, entitling her to any immediate relief; she does not allege that either the executor or any other person controverts her claim or construction of the will, or that the executor or any other person is using, disposing of, or investing said estate in any way contrary to her alleged interests therein or is about to do so, or contrary to her desires or requests; nor is it alleged that there is any litigation threatened or impending which involves her interests or the construction of said will or any part thereof.

Such being the nature and infirmities of the bill relied on by demurrants we are of opinion that if for no other reasons the demurrer thereto should have been sustained upon the following grounds:

First, because the relief of interpretation sought is the only relief contemplated by the bill. The jurisdiction of courts of equity to construe wills is given only as incidental to the exercise of their general jurisdiction, and to the extent only of determining in each particular case whether the other relief prayed for ought to be granted. *Martin* v. *Martin,* 52 W. Va. 381; *Buskirk* v. *Ragland,* 65 W. Va. 749; *McDonald* v. *Jarvis,* 64 W. Va. 62.

Second, because by the very terms of the will the rights of the plaintiff and of the other devisees, with the exceptions noted, are postponed for the period of five years, and assum-

ing what is not alleged, that there will be a residuum of the estate, the rights of the plaintiff therein are contingent and uncertain. The jurisdiction invoked is limited to such matters as are practical and call for present action in the premises, and upon which the court may properly pronounce a present decree. No such case is presented by the bill. *Martin* v. *Martin, supra;* 3 Pom. Eq. Jur., section 1157; *Morse* v. *Lyman,* 64 Vt. 167.

It is unnecessary, and on the state of the pleadings it would probably be extrajudicial to go further in disposing of the demurrer to the bill. It is certainly bad on the grounds stated, and it is doubtful whether it can be amended so as to present a case within any recognized rule of equity. But our conclusion is to reverse the decree and remand the cause, with leave to plaintiff, if so advised, to amend her bill within a reasonable time, if not, with direction to dismiss the same for want of equity.

*Reversed and remanded.*