# CHARLESTON.

A. M. PRICHARD, *Trustee* v. HENRY LEWIS PRICHARD *et als.*

Submitted March 11, 1919.   Decided March 25, 1919.

1. WILLS—*"Gift to a Class."*

   A gift to a class exists when the instrument creating it directs the distribution of an aggregate sum to a body of persons, commonly designated by some general name, as "children," "grandchildren," "nephews," uncertain in number at the time of the gift, to be ascertained at a future time, and who are all to take in equal or in some other definite proportions, the share of each being dependent for its amount upon the ultimate number of persons in the designated class.  (p. 654).

2. SAME—*Words of Survivorship—Construction.*

   Words of survivorship contained in a will or trust instrument will be referred to the event plainly intended to accomplish the purpose of the testator or donor, whether that event be before, at the time of, or after his death.  (p. 654).

3. SAME—*Gift to a Class—Survivorship.*

   Where, under the provisions of a will or trust instrument, a gift to a class, here described as "surviving grandchildren," is postponed to a particular time, or pending the termination of a preceding estate, generally survivorship is to be referred to the time when the property or fund is divisible, and those members of the class then living will take the whole, unless the particular language used confines the gift to those in existence at the date of the instrument or at the death of the testator or donor.  (p. 654).

4. SAME—*Testamentary Trust—Distribution.*

   So, where such an instrument creating a trust fund provides that the interest therefrom is to be divided among "surviving grandchildren equally," the distribution thereof is not limited to those in existence at the death of the donor, but is to be made to such grandchildren as are living at the time fixed for each period of distribution.  (p. 656).

5.  SAME—*Construction—Equity Jurisdiction.*

Generally jurisdiction in equity to construe wills arises only in cases where there is necessity for such construction in relation to actual litigation as to matters which are proper subjects of equity jurisdiction. Usually there must be something more in a suit than a mere construction of an instrument. (p. 656).

6.  TRUSTS—*Construction of Trust—Instruments—Grounds.*

Though a trustee or other fiduciary is sometimes permitted to come into a court of equity for a construction of an instrument under which he is acting, he is permitted to do so only for the purpose of guidance in the administration thereof as immediate necessities may require, and the court properly may decline to extend its construction to cover contingencies which may never arise, or, if at all, at some remote date, such points being postponed for future consideration upon the application of the fiduciary or other persons interested when the occasion therefor is presented. (p. 656).

Appeal from Circuit Court, Kanawha County.

Suit by A. M. Prichard, trustee, etc., of S. B. Prichard, deceased, against Henry Lewis Prichard and others. From a decree adjudicating a question for the trustee's guidance in the administration of the trust fund, defendants appeal.

*Affirmed in part. Reversed in part.*

*A. M. Prichard, pro se.*

LYNCH, JUDGE:

The decree from which this appeal is taken adjudicates for the guidance of the trustee in the administration of the trust fund created by the donor, his mother, for the benefit of her grandchildren, three of whom are his own children, the question whether there is included among the beneficiaries a child born to him and his wife within slightly less than the gestation period of time after the death of his mother, the donor, and whether certain other provisions of the instrument are void by the rule against perpetuities. The instrument creating the trust follows: "For value received, this 18th day of Septmber, 1917, I, S. B. Prichard, hereby transfer, assign and set over unto my son, A. M. Prichard, as trustee, fifty-five thousand ($55,000.00) dollars, United States 2% bonds due 1930, which I have loaned unto the Fifth-Third National

Bank of Cincinnati, Ohio, for an additional 2%, as evidenced by its certificate therefor dated February 14, 1917, standing in my name, but to be forthwith transferred to the name of my said trustee, who is to have and to hold said bonds in trust to keep the principal thereof invested in safe interest bearing securities, and to collect the income therefrom, and divide the same, less taxes and expenses, among my surviving grandchildren, equally, until the 1st day of January, 1950, when he shall distribute the principal of said bonds equally among such of my grandchildren as shall be then alive; and in case any be then dead leaving issue surviving, then such issue shall be entitled to so much as the parent, if living, would have received; but, provided, however, that the income from ten thousand ($10,000.00) dollars of said bonds shall be paid to Annie Mary Imboden for so long as she shall live unmarried, and this trust shall continue as to said ten thousand ($10,000.00) dollars of said bonds for so long after the 1st day of January, 1950, as the said Annie Mary Imboden shall continue to live unmarried, but this provision for her benefit shall cease and determine immediately upon her death or marriage, whichever shall first occur.''

Though not, and apparently not intended to be, a formal will, the instrument, it appears, is nevertheless a testamentary adjustment of the whole or a part of the personal property of the donor. It purports an immediate devolution of the title and vests it in trust for grandchildren, of whom four then were and now are living, and another born July 26, 1918, since the donor's death, which occurred October 30, 1917, and also now living. The trust so created is an active and continuing trust, and, if lawful, cannot terminate within the time fixed for its continuation, either by the joint and voluntary act of the beneficiaries or by the coercion of a court of equity. *Carney* v. *Kain,* 40 W. Va. 758; *Olsen* v. *Youngerman,* 136 Ia. 404. Though, as we have said, it is not strictly a will, it has the elementary characteristics of a bequest of personal property, and doubtless the donor had in mind the purpose to part with the title she held in anticipation of her early demise.

The particular language involved in the first question is:

"To collect the income therefrom, and divide the same, less taxes and expenses, among my surviving grandchildren, equally, until the 1st day of January, 1950." The intent manifested by the trust apparently was to provide for the division of the income among members of a class described as surviving grandchildren. No one is named individually; the number of beneficiaries is uncertain; but the reference is to a group which can be determined at each income period fixed for its distribution. In Jarman on Wills (6th Ed.) p. 336, it is said: "A number of persons are popularly said to form a class when they can be designated by some general name, as 'children,' 'grandchildren,' 'nephews;' but in legal language the question whether a gift is one to a class depends not upon these considerations, but upon the mode of the gift itself, namely, that it is a gift of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time, and who are all to take in equal or in some other definite proportions, the share of each being dependent for its amount upon the ultimate number of persons." See also 40 Cyc. 1473; *Saunders* v. *Saunders,* 109 Va. 191. It seems clear, therefore, that this clause of the trust is for the benefit of a class.

The determination of the question, who are members of the class entitled to share in the distribution of the income, is more important at this time. A grandchild was born after the death of the creator of the trust, and others still may be born, and if the term "surviving grandchildren" is limited to those in being at the creation of the trust, or at the death of the donor, they will be excluded from participation in the distribution. In *Schaeffer* v. *Schaeffer,* 54 W. Va. 681, the question was mooted, but not decided, whether survivorship in a will related to the death of the testator, or to some other point of time. But *Dent* v. *Pickens,* 61 W. Va. 488, pt. 4, syl., states the rule thus: "Words of survivorship contained in a will will be construed according to their usual and common acceptation, unless a different meaning plainly appears to have been intended thereby; and will be referred to the event plainly intended to accomplish the purposes of the

testator, whether that event be before, at the time of, or after the death of the testator." See also *Neal* v. *Hamilton Co.,* 70 W. Va. 250, 260; 40 Cyc. 1511.

In accordance with that rule the intent of the testator is to govern in construing the meaning of words of survivorship in a will; and it is highly proper that such should be the rule of construction, for the purpose of the court in construing a will is to give effect to the wishes, of the testator with respect to the disposition of his property after death, subject only to restrictions imposed by established rules of law. Though, as we have said, the instrument here involved is a trust instead of a will, the same rule of construction applies, for the intent of the creator of the trust clearly was to make such disposition of part at least of her estate as is usually made by will.

When the term "surviving grandchildren" is read in connection with the second part of the instrument, that providing for the distribution of the "principal of said bonds equally among such of my grandchildren as shall be then alive," it clearly appears that she did not limit the distribution of the income to those only who were living at the date of the instrument or at her death. The principal is to be divided among those of her grandchildren who shall be alive on January 1, 1950, apparently without regard to the date of their birth, provided it occurred prior to 1950. Is it not fair to assume that she intended the distribution of the income from the bonds to be as broad in scope as the division of the principal? Her own intention as deduced from a reasonable and fair interpretation of the entire instrument leads irresistibly to this conclusion.

Further, where under the provisions of a will or trust instrument a gift to a class is postponed to a particular time, or pending the termination of a preceding estate, generally those members of the class take, and those alone, who are in being at the arrival of the time for distribution, unless the particular language used confines the gift to those in existence at the date of the instrument or at the death of the testator or donor. 40 Cyc. 1477; Schouler on Wills, Executors & Administrators (5th Ed.) § 530; *Dole* v. *Keyes,* 143

Mass. 237; *Byrnes* v. *Stilwell,* 103 N. Y. 453; *Dulany* v. *Middleton,* 72 Md. 67; *Brewick* v. *Anderson,* 267 Ill. 169; Theobald on Wills (7th Ed.) p. 681. In the last named work it is said: "In simple cases, where the gift is to several of the survivors, or to several and the survivors or the survivors of them, or to a class described as surviving, such as surviving children, or to several of a class with benefit of survivorship between them, the rule is now well settled that survivorship is to be referred to the time when the property or fund is divisible, and those then living will take the whole." See also 2 Jarman on Wills (6th Ed.) pp. 2127-2130. For these reasons we are of opinion that the distribution of the income from the trust property must be made to such grandchildren as are in being at the time fixed for each period of distribution.

The second question raised on this appeal, namely, the determination of the method for distribution of the principal of the trust property on January 1, 1950, presents a matter of construction which we must decline to consider at this time. There must be something more in a suit than a demand for a mere construction of an instrument. Many contingencies may occur before January 1, 1950, which will render unnecessary, indeed futile, anything we might say at this time. There is no actual litigation in respect of the matter now sought to be determined upon this phase of the subject. "Jurisdiction in equity to construe wills arises only in cases where there is necessity for such construction in relation to actual litigation as to matters which are proper subjects of equity jurisdiction, such as relief on behalf of an executor, trustee, *cestui que trust,* or legatee." *Buskirk* v. *Ragland,* 65 W. Va. 749; *Martin* v. *Martin,* 52 W. Va. 381. It is true that a trustee or other fiduciary is sometimes permitted to come into a court of equity for a construction of an instrument under which he is acting, *McDonald* v. *Jarvis,* 64 W. Va. 62; but this is only for the purpose of guiding him in the administration thereof when the occasion confronts him. The decision which we have announced on the question of the distribution of the income from the trust property is sufficient to guide the trustee as to his duties with respect

thereto until the time arrives for the distribution of the principal of the fund. It is unnecessary to decide in advance all of the many possible contingencies which may occur while the trust remains active and continuing. 3 Pomeroy's Equity Jurisprudence (4th Ed.) § 1157, note 2b; *Straun* v. *Jacksonville Academy,* 240 Ill. 111; *Fuller* v. *McKim,* 187 Mich. 667; *Gebhard* v. *Lenox Library,* 74 N. H. 416. What we have said, taken in connection with the directions of the instrument itself, answers all the purposes deemed essential for the guidance of the trustee until the time arrives for the termination of the trust estate, at least so far as we can now perceive. If then or sooner any question of administrative right or power under the trust may arise demanding the aid of a court of equity, or involving the right of distribution at the terminaton of the trust period, nothing herein said will operate to bar the right to resort to the proper tribunal for further directions in the premises.

For these reasons assigned, our order will affirm the decree to the extent that it admits the grandchild born after the creation of the trust to receive a share of the income from the trust estate, and reverse the decree to the extent it attempts to adjudicate other provisions of the trust to be void because violative of the rule against perpetuities, because, and only because, such adjudication is premature as not now being within the power of the court to determine, and probably may not be necessary until the arrival of the date fixed by the donor for the final distribution of the trust property; the costs of the litigation to be taxed as part of the expenses of the administration.

*Affirmed in part.   Reversed in part.*