FLORENCE J. McCARTHY et als., In Equity

*vs.*

ELIZABETH G. McCARTHY et als.

Cumberland.    Opinion June 9, 1922.

*The court ordinarily declines to answer questions, or give requested instructions, in an equitable proceeding, where there are no existing conditions, occasion, or emergency, set forth in the bill requiring an answer or instructions. Where questions and requested instructions are predicated upon a contingency, answers should not be given as a rule until such contingency arises, or is about to arise, or imminent.*

No existing conditions, occasion, or emergency is set forth in the bill requiring an answer to the first question: nor can the amount or character of the estate to be "disposed of according to the laws of inheritance of the State of Maine in force at date hereof," be now ascertained.

The fact that a question may arise in the future is ordinarily not enough. Such question should not be decided until the anticipated contingency arises, or at least until it is about to arise; until it is imminent.

For the same reasons the second question should not be answered. In addition, Elizabeth B. Dunphy may die before the death of the widow without leaving lawful issue. In that event the provisions of the will are plain as to the disposal of the property in which she is interested.

If after the death of the widow a dispute arises as to the distribution of the residuary estate, all the questions then arising should be determined in a proceeding to which the heirs of Elizabeth G. McCarthy, who are not, and cannot be made parties to the present bill, would be parties.

On report. This is a bill in equity requesting a construction and interpretation of subdivisions (c) and (h) of paragraph two of the will of Charles McCarthy, Jr., late of Portland, deceased. Under paragraph second in the will, a life estate of the entire property of testator was given to the widow, Elizabeth G. McCarthy, and under said paragraph it is further provided that, "At her death, or if she (Elizabeth G. McCarthy) be not living at my decease, said estate to be disposed of as follows." Then follows certain legacies not involved in this proceeding. Under subdivision (c) of said paragraph, a devise of real estate is given to Elizabeth B. Dunphy, with a provision that should she die without issue, said real estate to go to the surviving sons of a nephew, and to issue of a deceased son of such nephew by right of representation, in equal shares. Then under subdivision (h) of paragraph two comes the following residuary clause, viz.: "All the rest, residue and remainder of my estate, etc. . . . shall be disposed of according to the laws of inheritance of the State of Maine in force at the date hereof." Both the widow, Elizabeth G. McCarthy, and Elizabeth B. Dunphy are still living. Bill dismissed.

The case is fully stated in the opinion.

*Strout & Strout*, for complainants.

*Charles L. and Paul E. Donahue*, for Elizabeth G. McCarthy and *Louis S. Walsh*, as Conservator.

*Cook, Hutchinson & Pierce*, for Elizabeth B. Dunphy.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

HANSON, J. This is a bill in equity to obtain the construction of the will of Charles McCarthy, Jr., brought by certain legatees and heirs of the testator, against the widow, the life tenant, Louis S.

Walsh, conservator of the estate of Elizabeth G. McCarthy, and Elizabeth B. Dunphy, a devisee under the will. All persons interested are parties to the bill.

The clauses of which interpretation is requested are the following: "Second: I give, devise and bequeath to my beloved wife, Elizabeth G. McCarthy, if living at my decease, the income of all my estate of every name and description, wherever and however situate, to be used and enjoyed by her during her natural life. At her death, or if she be not living at my decease, said estate is to be disposed of as follows, viz." Then follows certain legacies which are not involved in the questions presented to the court. And the second paragraph of said will, subdivision 'C', viz.: "I give and devise to Elizabeth G. Dunphy, who has been reared in my family since her childhood, land and buildings at 574 Congress Street in said Portland now under lease to Libby & Chipman, to have and to hold to her, her heirs and assigns forever. If, however, she shall die without leaving lawful issue then I give and devise said land and buildings to the surviving sons of my said nephew Florence J. McCarthy, in equal shares, the child or children of any deceased son to take by right of representation, to have and to hold to them and their heirs and assigns forever." After the provisions regarding said legacies comes the following residuary clause which is designated as subdivision H of paragraph two: "All the rest, residue and remainder of my estate, of every name and nature and wherever and however situate, including any of the foregoing legacies which may lapse or fail for any reason whatsoever, I direct shall be disposed of according to the laws of inheritance of the State of Maine in force at date hereof."

The plaintiffs pray:

1. "That the Court will construe and interpret the provisions of said will and particularly determine whether the said Elizabeth G. McCarthy takes a share in the residue and remainder of said estate in full ownership, in addition to enjoying the income on the entire said estate during her life time."

2. "Whether under said paragraph two, subdivision 'C', Elizabeth B. Dunphy takes a fee simple absolute and unconditional in land and buildings at 574 Congress Street, or whether she takes a lesser estate, and if she takes a lesser estate, the nature and extent thereof, and what person or persons or class of persons are entitled thereto at the termination of her said estate."

It may be mentioned that paragraph second with its eight sub-divisions disposes of all the property, real and personal of the testator, and that the last subdivision of paragraph two is the residuary clause.

After a careful examination of the will we are of opinion that neither question should be answered at this time.

No existing conditions, occasion, or emergency is set forth in the bill requiring an answer to the first question; nor can the amount or character of the estate to be "disposed of according to the laws of inheritance of the State of Maine in force at date hereof," be now ascertained.

The fact that a question may arise in the future is ordinarily not enough. Such question should not be decided until the anticipated contingency arises, or at least until it is about to arise; until it is imminent. *Huston* v. *Dodge,* 111 Maine, 250.

For the same reasons we must decline to answer the second question. In addition Elizabeth B. Dunphy may die, before the death of the widow without leaving lawful issue. In that event the provisions of the will are plain as to the disposal of the property in which she is interested.

If after the death of the widow a dispute arises as to the distribution of the residuary estate, all the questions then arising should be determined in a proceeding to which the heirs of Elizabeth G. McCarthy, who are not, and can not, be made parties to the present bill, are parties. R. S., Chap. 70, Sec. 21. See also R. S., Chap. 67, Sec. 2.

*Bill dismissed.*