# CHARLESTON.

Ward Nicklin et al. v. W. W. Downey, Executor, etc. et al.

(No. C. C. 368.)

Submitted March 30, 1926.   Decided April 6, 1926.

1. Wills—*Court of Equity Will Not Entertain Bill to Construe Testamentary Disposition of Property, Unless Other Relief Prayed for is Practicable and Calls for Present Action to Preserve Some Right Against Loss or Invasion; That Bill in Equity Asked for Settlement of Accounts of Executor, Without Alleging That Any Property Came Into His Hands or That There Was Any Indebtedness, Was Not Grounds for Construing Will in Equity (Code, C. 87, § 8).*

   A court of equity will not entertain a bill to construe a testamentary disposition of property, unless the other relief prayed for ·is practicable and calls for present action to preserve some right against loss or invasion.   (p. 323.)

   (Wills, 40 Cyc. p. 1839.)

2. Courts—*Court of Chancery Has No Jurisdiction to· Probate Wills, Regardless of Former Jurisdiction of Circuit Courts in Matters of Probate (Acts 1872-73, C. 136).*

   A court of chancery has no jurisdiction to probate wills.   (p. 325.)

   (Wills, 40 Cyc. p. 1249.)

3. Wills—*Where equity Has no Jurisdiction to Construe Will, Demurrer to Supplemental Bill, Sole Purpose of Whose Prayer is to Compel Defendant to Produce Some Other Alleged Testamentary Paper Whose Contents Are Unknown, for Probate, Should be Sustained (Code, C. 77, § 24).*

   Where a chancery court does not have jurisdiction to construe a will because no present relief can be properly awarded plaintiff even if the will be construed as desired by him, a demurrer to a supplemental bill should be sustained if the prayer therein is for the sole purpose of compelling defendant to produce some other alleged testamentary paper, the contents of which are unknown, for the purpose of probate. Such supplemental bill presents no additional fact oń which jurisdiction to construe a testamentary disposition of property can be based.   (p. 326.)

Litz, Woods, Judges, absent.

(Wills, 40 Cyc. p. 1854.)

(Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Certified Question from Circuit Court, Berkeley County.

Suit by Ward Nicklin and others against W. W. Downey, executor, etc., of the last will of Emma C. Bartgis, deceased, et al., to obtain a construction of the will. After overruling a demurrer to the original bill and a demurrer to a supplemental bill, the trial court certified a question.

*Ruling reversed.*

*C. N. Campbell,* for plaintiffs.
*J. O. Henson,* for defendants.

Lively, Judge:

The sufficiency of the bill is the sole question certified. Does the bill state a cause for relief in equity?

Emma C. Bartgis died testate in 1923, survived by her husband (defendant John E. Bartgis), a brother, plaintiff Charles Ullum, by two nephews, Ward and Lawrence Nicklin, and by two nieces, Lula Shriver and Viola Edwards, the last four (nephews and nieces) being children of a deceased sister of testatrix. Charles Ullum and the four children of the deceased sisters claiming to be heirs at law file the bill claiming an interest in the estate. They exhibit the will in which the testatrix directed her debts to be paid, then gave to her husband, John E. Bartgis, a life estate in all her property, nominated W. M. Downey and her husband as executors, and directed the surviving executor, upon the death of her husband, to reduce the estate to cash and pay certain legacies amounting in all to approximately $2,000.00. The fourth paragraph provides: ''All the balance of my residuary estate I give, will and bequeath to the Bank of Martinsburg, a corporation, of Martinsburg, West Virginia, Nelson B. O'Neil and Harry Grove, or survivors, to be held in trust by them and used and applied in accordance with my expressed wish and direction as communicated to them.'' The bill designates the real estate to which testatrix had legal and equitable title at the time of her death, but plaintiffs say they are not advised as to the personal estate, if there was any. It is averred that Downey duly qualified as executor, but no appraisal of the personal estate has been made. Plaintiffs assert that because

the beneficiaries of the trust created by the fourth paragraph of the will above quoted, are not named, and cannot be ascertained from the will itself, they (plaintiffs) are the beneficiaries of the residuary estate, and are entitled to have the legal title conveyed to them by the executor and trustees. They say that there are three tracts or parcels of real estate any one of which is amply sufficient to pay off the legacies named and all debts and charges of any character against the estate, even if there be no personal estate, and they ask that only enough of the property be converted into cash sufficient to pay the legacies, debts and costs of administration, and the remainder be held in kind for them. The husband, the executor, and the three trustees named are made defendants. They pray for an accounting by the executor; for a construction of the will; application of the personal estate to the discharge of debts, charges and legacies; that plaintiffs be declared beneficiaries of the trust imposed in the three trustees; that the executor be instructed to sell no more of the real estate than is necessary to pay the debts, charges and legacies; and that the legal title to the remainder be transferred to plaintiffs in the proper proportions, as their interests may appear, subject to the life estate of John E. Bartgis; and for general relief.

A supplemental bill was filed, after the demurrer of defendants to the original bill was argued, in which it is averred that in course of the argument and in the brief filed by defendants in support of their demurrer it was intimated, if not actually stated, that the directions referred to in the 4th paragraph of the will, given to the trustees there named, were in writing and of a testamentary character executed with all the formalities of a will and capable of and entitled to be probated; that plaintiffs know nothing of such paper writing, and pray its production in the case, and that it be probated, if it be testamentary. The order overruling the demurrer recites that counsel for defendants stated that the directions of testatrix mentioned in the will and supplemental bill were in writing.

The demurrer is not with the papers certified, and the grounds for the demurrer, if any were stated, do not appear.

We gather from the brief for defendants that the principal
ground is that the suit is premature; that there is no challenge
to plaintiffs' construction of the will, or that they are not
entitled to take under it, or under the law of descent and
distribution; that there is no actual litigation in respect to
the matter now set up, to give a court of equity jurisdiction.

The principal object of the bill is to obtain a construction
of the will, which construction will give to plaintiffs the
residuary fund devised and bequeathed to the trustees to be
used and applied in accordance with wishes and directions
communicated to them by testatrix; and the bill charges that
the trustees named hold the legal title to the residuary fund
in trust for plaintiffs, and that they are entitled to have the
legal title of both real and personal estate conveyed to them
by the executor and trustees. The bill then asks that the
fund which belongs to plaintiffs under the will and as heirs
and distributees be preserved to them in kind and that the
legal title thereto be directed to be conveyed to them.

Equity does not take jurisdiction to construe wills where
there is no litigation as to matters which are proper subjects
of equitable cognizance. There must be some contest or con-
troversy of which equity will take jurisdiction, which neces-
sitates a construction of a will, before the interpretation will
be made. *Prichard* v. *Prichard,* 83 W. Va. 652; *Buskirk* v.
*Ragland,* 65 W. Va. 749; *Martin* v. *Martin,* 52 W. Va. 381.
And, as was decided in *Prichard* v. *Prichard, supra,* and in
*Callison* v. *Bricht,* 85 W. Va. 700, a bill by an executor or
other fiduciary will be entertained for the purpose of con-
struing the will *only* where the immediate necessities require
such construction for his guidance. When the anticipated
situation actually arises, or a remote contingency is reached,
then there is a present case, and a bill for construction or
guidance will be entertained. Jurisdiction in equity to con-
strue wills is incidental to the general jurisdiction pertaining
to trusts and administrations. What, therefore, is the relief
sought in the original bill which calls for a construction of
the will? The bill asks for a settlement of the accounts of the
executor; but it is not alleged that any property came into
his hands or that there was any indebtedness. The statute,

Sec. 8, Chap. 87, Code, provides an expeditious and inexpensive method for compelling settlements of fiduciaries. Request from any person interested as legatee, creditor, distributee, or otherwise, made to a commissioner of accounts begins the procedure which results in the settlement.

Then the further prayer is that all, or so much as is necessary, of the personal estate be applied to the payment of the debts and legacies. The bill does not allege any indebtedness; on the contrary it says there was no indebtedness so far as plaintiffs know; and the legacies do not become due until the death of the life tenant to whom the personal property is given. The application of the personal property, if there be any, in the payment of the legacies cannot now be made. The time for that relief, (presuming that the executor will refuse to apply the proceeds from the personalty to the discharge of the legacies), has not arrived.

Plaintiffs also pray that they be decreed to be the beneficiaries of the residuary fund, and that the trustees hold as such for their (plaintiffs') benefit; and that the trustees and executor be directed to convey to them the real and personal estate, subject to the life estate of the husband. It is not perceived what present necessity calls for the immediate transfer of the title to them, if they be ultimately entitled to it. There is no suggestion of danger or loss. They allege that either one of the three parcels of real estate is now of sufficient value to more than pay the legacies and debts, and assert a right to have no more of the real estate sold at the end of the life estate than is necessary to pay the legacies, funeral expenses and debts, and express a desire that only so much be sold for that purpose. To convey to plaintiffs the legal title now, would prevent the executor from paying the legacies. If he had no title to give to a purchaser he would not likely find a purchaser. From what source would he derive money for the payment of the legacies, debts (if any), and funeral expenses. Moreover, it is apparent that the value of the real estate now is not conclusive of its value in the future when the life tenant dies. It may be worth much more or much less. When the time arrives for the payment of legacies, the question of how much should be sold, or if all shall be

sold, to pay them will arise, granting that plaintiffs have the right to withdraw any portion of it from sale, as they now contend. Manifestly it would be improper to conclude the right or power of the executor to sell none, any, or all of the property in carrying out the directions of the testatrix, at this time.

There is no present cause or controversy disclosed by the bill which calls for a construction of the will. No right of plaintiffs is being violated or threatened which calls for affirmative relief by a court of equity. The main purpose of the bill is to obtain a construction of the will favorable to plaintiffs, and the other relief sought is merely subordinate thereto and colorable. *Messer* v. *Reitz*, 81 W. Va. 483.

The doctrine of equitable conversion, to which much of the briefs and arguments are addressed, which is a constructive or fictitious alteration in the nature of property by which, in equity, real estate is regarded as personalty or personal estate as realty for the purpose of carrying out the intent in wills, is incidental to the main purpose in the bill, that is, the construction of that instrument.

The order overruling the demurrer recites that defendants counsel in oral argument stated that the ''directions'' referred to in the will (4th. clause) were in writing; and evidently the demurrer was overruled because of the allegation in the supplemental bill to the effect that plaintiffs were informed that said ''directions'' were in writing and of such a testamentary character and of such legal formalities, as stated by defendants, that the writing should be produced, examined and probated if it was of the character alleged. It becomes necessary to determine if the supplemental bill affords jurisdiction to construe the will in view of the ''directions'' referred to therein. There is no intimation of the substance of the writing. It may be that the writing, when produced, is of such a character and executed with such formality that it should be considered in connection with the will, and is so clear and concise that the will then needs no construction. The supplemental bill says that if the paper writing is as represented the duty devolves upon defendants to probate it in the county clerk's office, and the prayer is that

they be compelled by mandatory injunction to produce it for inspection so that the court may decide whether it is susceptible of and should be probated. Does equity have jurisdiction to probate wills? Formerly the circuit courts had concurrent jurisdiction in the matters of probate, appointment of personal representatives, guardians, committees and the settlement of their accounts, conferred by statute—Chap. 136, Acts 1872-3—; but by legislation that jurisdiction was made exclusive in the county courts. *Stone* v. *Simmons,* 56 W. Va. 88. In *Stone* v. *Simmons,* just cited, it was pointed out that equity has no jurisdiction to interfere in matters of probate. See Pom. Eq. Jur. (4th ed.) Sec. 1154. And the doctrine is quite general, if not universal, that a court of equity will not recognize or act upon a will until it has been admitted to probate. Pomeroy Eq. Jur. (4th ed.) Sec. 1158 note 3. The establishment of a lost, suppressed, or destroyed will is not involved here, and the cause does not fall within the doctrine of *Dower* v. *Seeds,* 28 W. Va. 113. As before stated, the supplemental bill asks the production of a paper for inspection with a view to determining if it be susceptible to probate. If it be produced what relief could be granted? Could the chancery court order the probate court to admit it to probate? Manifestly such order would interfere with the exclusive jurisdiction of the county court. If the paper be of testamentary character the person in possession may be summoned by the county court, and its production compelled by proper process. The statute, Sec. 24, Chap. 77, affords a complete remedy for the production of such paper. Whether it be susceptible of probate when produced is primarily a question over which the probate court has exclusive jurisdiction. The supplemental bill adds no jurisdictional matter to the original bill. It does not add any cause for present litigation or relief which would impel a construction of the will in order to award the relief sought.

The demurrer should have been sustained; and the ruling of the circuit court is reversed.

*Ruling reversed.*