IRENE M. PRICE ET AL., APPELLANTS, V. GAY MARSHALL SHIELS ET AL., APPELLEES.

31 N. W. 2d 91

Filed February 25, 1948.    No. 32313.

*Atkins & Lyman,* for appellants.

*Neighbors & Danielson,* for appellees.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and LANDIS, District Judge.

MESSMORE, J.

This action is brought by the plaintiffs, remaindermen and the heirs of a deceased remainderman, against the testamentary trustee, the life tenant and remaindermen who do not join as parties plaintiff, the purpose of the suit being to construe the last will and testament of Thomas Shiels, deceased.

From the pleadings, demurrers, and the will there is an apparent confusion as to the name Shiels. In some instances it is spelled S-h-i-e-l-s, and in others, S-h-e-i-l-s. We use the spelling S-h-i-e-l-s because the action names the parties interested in the will in such manner although in the will the name is spelled S-h-e-i-l-s.

The defendants demur to the plaintiffs' petition. For the purpose of this appeal, the demurrers may be considered sustained on the ground that the petition failed to state a cause of action. The defendants urge that the action was prematurely brought.

For convenience the appellants will hereinafter be referred to as plaintiffs, and the appellees as defendants.

We deem it advisable to set forth the relationship of the parties as the same appears from the plaintiffs' petition and the will attached thereto and made a part thereof.

Thomas Shiels made and executed the will in question

January 3, 1925. He departed this life June 8, 1933. The will was admitted to probate July 6, 1933. He left surviving him Sarah Elizabeth Shiels, widow; Gay Marshall Shiels, son; Max Marshall Shiels, grandson; Evelyn Shiels Tucker, granddaughter; Katherine Shiels Bullock, granddaughter; and Dorothy Shiels Laursen, granddaughter, children of testator's son Gay Marshall Shiels; Thomas J. Shiels, grandson; Thea June Shiels, now Thea June Shiels Berning, granddaughter; Vanice Shiels, now Vanice Shiels Banta, granddaughter, children of the testator's son Iloa Jay Shiels who departed this life intestate on December 21, 1921, prior to the time of the making and execution of the will of Thomas Shiels, and prior to his death.

Sarah Elizabeth Shiels departed this life testate August 4, 1946.

The plaintiff, Irene M. Price, is the widow of Iloa Jay Shiels, son of the testator, and the mother of Thomas J. Shiels, a grandson of the testator. Thomas J. Shiels departed this life November 20, 1944, at the age of 24 years, leaving no children, and his only surviving heirs are his mother, Irene M. Price, and his wife, Shirley Louise Shiels.

The plaintiffs alleged in their petition that they were unable to ascertain whether or not any children have been born to Max Marshall Shiels, Evelyn Shiels Tucker, Katherine Shiels Bullock, and Dorothy Shiels Laursen, who are the children of testator's son Gay Marshall Shiels, and for that reason alleged that no children have been born to the foregoing named children of Gay Marshall Shiels. One child has been born to Vanice Shiels Banta, who is now a widow. No children have been born to Thea June Berning.

We set forth in substance certain provisions of the will insofar as the same need be considered on this appeal. The wife, Sarah Elizabeth Shiels, received a life estate with power to sell, mortgage or lease for terms within or beyond the period of the trust, and the right

to invest and reinvest under certain conditions, she to receive the net income from the trust estate during her life. The fifth paragraph of the will provides that upon her death the property is devised and bequeathed to a named trustee, with power to sell, mortgage or lease, invest and reinvest under certain conditions; the trustee to pay to Gay Marshall Shiels, the testator's son, all of the income received from the trust fund during his life.

Paragraph 6 (a) of the will provides that upon the death of Gay Marshall Shiels the trustee shall divide the trust into two equal parts and set aside one part in trust for the children of Gay Marshall Shiels, namely: Max Marshall Shiels, Evelyn Shiels, Katherine Shiels, and Dorothy Shiels. It provides further that the trustee set aside three-fifths of this half share, accumulate the income, and hold the three-fifths and income in trust for Max Marshall Shiels. It then provides, in substance, that if Max Marshall Shiels could make a showing that by his own efforts he had accumulated $3,000 at age 35, the trustee is obligated to pay him one-half of the sum set aside for him, together with one-half of the accumulated income. If Max Marshall Shiels fails to accumulate such amount, then no part of such sum would be paid until he was 40 years of age; then, if he made a proper showing that he had accumulated $3,000, the full amount set aside for him is to be paid to him. If he fails to do so, the whole sum is to be held in trust during his life, and the income therefrom to be paid to him semi-annually. It is provided further, in the event of the death of Gay Marshall Shiels before his son Max Marshall Shiels had completed his education, then, in that event, the trustee is authorized to advance any reasonable amount to help complete the education of Max Marshall Shiels. The balance of the half, as hereinbefore mentioned, is to be held in trust for Katherine, Dorothy, and Evelyn Shiels and paid to them semi-annually during their lifetime from and after the date upon which each of them became 25 years of age, and upon the

death of either, her share of the principal to be paid to her children, free from trust.

The will then provides that upon the death of Gay Marshall Shiels, the trustee is to hold the other half of the trust estate for the grandchildren, Thomas J. Shiels, Thea June Shiels, and Vanice Shiels. Three-fifths of the half of the testator's estate is then charged with the same obligations and conditions that are imposed with reference to Max Marshall Shiels, as appears in paragraph 6 (a) of the will heretofore mentioned, for the benefit of Thomas J. Shiels and, as provided in paragraph 6 (a) with reference to Max Marshall Shiels, in the event of the death of Gay Marshall Shiels before Thomas J. Shiels had completed his education, then the trustee is authorized to advance any reasonable amount to help Thomas J. Shiels to complete his education. The balance of this half is to be held in trust for Vanice and Thea June Shiels and be paid to them in the same manner as provided for with reference to Evelyn, Katherine, and Dorothy Shiels.

Other parts of the will necessary to a determination of this appeal will be set forth later in the opinion, as will the allegations of the plaintiffs' petition upon which plaintiffs claim a cause of action has been stated.

The scope and effect of a demurrer to a pleading admits the truth of facts well pleaded for purposes of determining their sufficiency as a cause of action or defense, but does not admit the correctness of the conclusions of law drawn therefrom by the pleader. See Kozina v. Watkins Lumber Co., 146 Neb. 594, 20 N. W. 2d 606; American Water-Works Co. v. State, 46 Neb. 194, 64 N. W. 711, 30 L. R. A. 447, 50 Am. St. Rep. 610.

The plaintiffs contend that the trial court was in error in sustaining the defendants' demurrers, and that the petition states a cause of action that warrants construction of the will in question.

Paragraph 11 of the petition alleged, in substance, that the trust attempted to be created by the will of

Thomas Shiels failed or is inoperative in that the testator did not provide as to the disposition of his property in the event of the death of certain grandchildren, or either of them, prior to his death, and did not provide for the disposition of his property in the event either of the persons named in that paragraph of the petition died before or after him, leaving no children.

There would be no purpose in determining the question with reference to such grandchildren predeceasing the testator, for the reason none of them did. If such grandchildren die after the testator, leaving no children, what occurs in such event depends upon an analysis of the will in its entirety. Likewise, in connection with the following paragraph, No. 12, of the plaintiffs' petition: "That the second paragraph of Paragraph No. Seven (7) of said will provided: 'If Max Marshall Shiels or Thomas J. Shiels shall die before his share shall be paid to him, then the same shall be paid to his children, free from trust.'"

The contention is that the foregoing paragraph should be reasonably construed to mean that in the event of the death of Max Marshall Shiels or Thomas J. Shiels before their share shall be paid to them, and in the event they leave no children, then their share shall be paid to the heirs of the deceased immediately and free from trust; that Thomas J. Shiels received no part of his share of the trust estate prior to his death.

In this connection, the plaintiffs also point to the paragraph in the will affecting the two grandsons previously mentioned, as follows: "Provided, Further, in the event of the death of my son, Gay Marshall Shiels, before his son Max Marshall Shiels, has completed his education, then, in that event, the trustee is authorized to advance any reasonable amount to help him complete his education." The same provision is made with reference to Thomas J. Shiels, the deceased grandson. The theory is that this provision provided for depletion of the trust estate in the event further education was to be had by

either of the grandsons before the death of the present holder of the life estate. This contingency did not arise, and need not be determined. Thomas J. Shiels died at the age of 24 years. Max Marshall Shiels is now past 30 years of age and obviously will require nothing further to complete his education, nor is there any allegation to the effect he would.

We are cognizant of the cited case of Nitz v. Widman, 106 Neb. 736, 184 N. W. 172, dealing with remainders to a class which are not necessarily determined until the termination of a life estate, and the rule with reference to those not in being at the testator's death taking a vested remainder subject to open and let in after-born grandchildren. The factual situation in such case disclosed there was an immediate reason for construction of the will, which is not true in the instant case.

We are also cognizant that, as stated in substance in Wilkins v. Rowan, 107 Neb. 180, 185 N. W. 437, the law favors that construction of a will which conforms more generally to the general law of inheritance, and that the law favors the vesting of titles rather than holding them in abeyance so that the remainder will always be held vested rather than contingent. Of course, the propositions therein announced refer to a present or immediate reason for the construction of the will involved. The facts and circumstances in Wilkins v. Rowan, *supra,* are distinctively different than the facts and circumstances in the instant appeal.

This brings us to the will in the present case and the analysis thereof with respect to the contentions raised by the plaintiffs as hereinbefore stated.

It will be remembered that the holder of the first life estate, the widow of the testator, had the power to sell, mortgage, or lease for terms beyond the period of the trust, and to convey all or any part of the property at such times and upon such conditions as she might deem best. The will then provided that she have the right to invest, reinvest and keep invested said property, and

collect and recover rents. At her death the same rights accrued to the testamentary trustee named in the will where, by the fifth paragraph thereof the testator devised and bequeathed all of his real and personal estate to the trustee, with the same power to sell, mortgage, or lease, to invest, reinvest and keep invested, the trust property as the first holder of the life estate had; the trustee to pay to Gay Marshall Shiels, the present holder of the valid, outstanding life estate, all of the income from the trust fund during his life. The will then made the provision with reference to the beneficiaries to the trust as hereinbefore outlined, and the conditions upon which such beneficiaries would receive their shares of the trust fund, subject to the life estate of Gay Marshall Shiels.

Significantly, in the seventh paragraph of the will the testator uses the following language: "Neither of the beneficiaries herein shall acquire any vested interest in said trust estate until the same becomes payable under the terms hereof, and neither the principal nor the income of the trust estate shall be liable for debts of any beneficiary hereof, nor shall the same be subject to seizure by any creditor of any beneficiary under any writ or proceeding at law or in equity, and no beneficiary hereunder shall have any power to sell, assign, transfer, incumber or in any other manner to anticipate or dispose of his or her interest in the trust estate or the income produced thereby."

It will be noted by the provisions of the will heretofore set forth that the first life holder could have entirely depleted the trust estate; likewise, the testamentary trustee with the powers granted it might, by virtue of some act, lose the benefit of trust for the beneficiaries thereunder.

It will further be noted in the first sentence of paragraph 7 it is provided that "Neither of the beneficiaries herein shall acquire any vested interest in said trust estate until the same becomes payable under the terms hereof, * * *." This language is specific and definite.

The language used in the second sentence of paragraph 7 of the will obviously refers to what shall happen in the event of the death of Max Marshall Shiels or Thomas J. Shiels after they have acquired a vested interest. Not "until the same becomes payable under the terms" of the will could they acquire any interest, and not until that time occurs does the second sentence of this paragraph become operative.

We have no question presented here of an immediate vested interest under the terms of the will being analyzed. So then, if, under the provisions of the will, the plaintiffs, the mother and widow of the deceased grandson, could acquire no vested interest if they have any until the same becomes payable under the terms of the will which has not occurred and can in no event occur until the holder of the life estate dies, there is no reason for immediate construction.

With the foregoing analysis we come to the question involved and raised by the defendants as to whether or not, under the allegations of the plaintiffs' petition, the plaintiffs have prematurely instituted this action.

The defendants present the legal proposition as follows: Remaindermen may not invoke the power of the court for definition of their future interests, if any, when a valid and unassailed life estate is outstanding and immediate definition is not required to make a decree, provide guidance for the trustee, or protect equitable interests. The testamentary trustee is not seeking guidance with reference to this trust estate.

"Equity will not construe a will, ordinarily, to determine the nature of future rights during the existence of the particular estate, and before a dispute has arisen affecting the immediate conduct, * * *." 4 Page on Wills, § 1603, p. 575. See, also, In re Stumpenhousen's Estate, 108 Iowa 555, 79 N. W. 376.

"If there is no matter in dispute, and the application is to do nothing more than to declare future rights, in such cases Courts will not entertain jurisdiction."

Heald v. Heald, 56 ·Md. 300. See, also, Cousins v. Cousins (Tex. Civ. App.) 42 S. W. 2d 1043.

In 4 Pomeroy's Equity Jurisprudence (5th ed.) § 1157, p. 466, the rule is stated as follows: "It is well settled that a court will never entertain a suit to give a construction or declare the rights of parties upon a state of facts which has not yet arisen, nor upon a matter which is future, contingent, and uncertain; * * *."

In May v. May, 167 U. S. 310, 323, 17 S. Ct. 824, 829, 42 L. Ed. 179, wherein a trustee had asked for instructions relative to a trust under a will, the court in its opinion said: "Upon a bill in equity by a trustee for instructions in the execution of his trust, the court will not decide questions depending upon future events, and affecting the rights of persons not in being, and unnecessary to be decided for the present guidance of the trustee." See, also, Walker v. First Trust & Savings Bank, 12 F. 2d 896 and cases cited therein; cases cited in Cousins v. Cousins, *supra;* Ward v. Ward, 95 Ala. 331, 10 So. 832; Traphagen v. Levy, 45 N. J. Eq. 448, 18 A. 222; Montignani v. Blade, 145 N. Y. 111, 39 N. E. 719; Wahl v. Brewer, 80 Md. 237, 30 A. 654; Minot v. Taylor, 129 Mass. 160; Powell v. Demming, 22 Hun (N. Y.) 235; Nashville Trust Co. v. Dake, 162 Tenn. 356, 36 S. W. 2d 905.

"There must be some contest or controversy of which equity will take jurisdiction, which necessitates a construction of a will, before the interpretation will be made. Pritchard v. Pritchard, 83 W. Va. 652; Buskirk v. Ragland, 65 W. Va. 749; Martin v. Martin, 52 W. Va. 381." Nicklin v. Downey, 101 W. Va. 320, 132 S. E. 735. See, also, Messer v. Reitz, 81 W. Va. 483, 94 S. E. 952.

"The jurisdiction invoked is limited to such matters as are practical and call for present action in the premises, and upon which the court may properly pronounce a present decree." Messer v. Reitz, *supra.* See, also, Morse v. Lyman, 64 Vt. 167, 24 A. 763.

"The fact that a question may arise in the future is ordinarily not enough. Such question should not be decided until the anticipated contingency arises, or at least until it is about to arise; until it is imminent." McCarthy v. McCarthy, 121 Me. 398, 117 A. 313.

We conclude the foregoing authorities are applicable to this appeal. We have refrained from unnecessarily analyzing further authorities, but have called attention to them, which involve the same legal proposition.

For the reasons given herein, we conclude the trial court properly sustained the defendants' demurrers to the plaintiffs' petition.

AFFIRMED.