JOHN C. DODGE & others, executors, vs. NATHAN MORSE
& another.

Suffolk. June 24; September 6. — 14, 1880.

Pending an appeal from a decree of the Probate Court disallowing a will, a com-
promise, under the Sts. of 1864, c. 173, and 1865, c. 186, was entered into be-
tween the executor, those claiming under the will as devisees and legatees, and
those claiming the estate as intestate, by which it was agreed that all parties
interested should consent to the probate of the will, that a residuary fund
provided for in the will should be divided between a minor grandchild of the
testator and the residuary legatees, and that the share of the grandchild should
be paid to a trustee in trust to apply the income to the support and education
of such grandchild until he should become of age, and then to convey the prin-
cipal to him. The compromise was approved by a decree of a justice of this
court sitting in equity, the person named was appointed such trustee, and the
will was admitted to probate. The trustee did not give bond, and denied his
obligation so to do unless ordered by this court, but claimed to be entitled to
receive the share of the grandchild. The executor had in his hands the share
of the grandchild ready to be paid to the person entitled to receive it in his
behalf; and brought a bill in equity for the direction of the court upon the
question whether or not he should pay the grandchild's share to the trustee
before he should have given bond. *Held*, that the executor had a complete
and adequate remedy by way of defence to any suit that might be brought
against him by the trustee without having given bond; and that the bill could
not be maintained.

BILL IN EQUITY by the executors of the will of Samuel
Batchelder against Nathan Morse and Maude A. Batchelder, a
minor granddaughter of the testator, for whom a guardian *ad
litem* was appointed.

The bill alleged that the will was offered for probate, and the
probate thereof opposed by said Maude, and the will disallowed
in the Probate Court, and an appeal taken by the plaintiffs to
this court; that pending that appeal, and under the Sts. of 1864,
s. 173, and 1865, c. 186, a compromise was entered into between
the plaintiffs and those claiming as devisees and legatees under
the will, and those claiming the estate as intestate, by which it
was agreed, among other things, that all parties interested should
consent to the probate of the will, that a residuary fund provided
for in the will should be divided between the said Maude and
the residuary legatees named in the will (who were other de-
scendants of the testator), and that the share of Maude should
be conveyed, distributed and paid to Morse, in trust to apply the

income to her support and education until she should become of age, and then to convey the principal to her; and by a decree of a justice of this court sitting in equity that compromise was approved, and Morse appointed trustee to receive and hold the property coming to Maude under the compromise and settlement in trust for her; and, upon the appeal from the Probate Court, the will, its execution being proved, was by consent of all parties admitted to probate, and the case remitted to the Probate Court for further proceedings according to law, and for the administration of the estate according to the will, subject to the modification set forth in the decree in equity; that the plaintiffs had in their hands property ready to be distributed and paid to the person entitled to receive it in behalf of Maude; that Morse had not given bond as trustee, and that he denied his obligation so to do unless ordered by this court, but notwithstanding claimed to be entitled to receive in her behalf the share of such property belonging to her, or to him as her trustee. The bill prayed for the direction of the court upon the question whether or not the plaintiffs were to pay or distribute Maude's share to Morse before he should have given bond.

The answers admitted the allegations of the bill; and alleged that Morse consented to accept the trust upon the assurance and understanding that he would not be required to give bond; and that he was appointed trustee upon the petition of the plaintiffs, praying for the confirmation of the compromise, and for his appointment.

The case was set down for hearing upon the bill and answers, and was thereupon reserved by *Endicott*, J. for the consideration of the full court.

*J. C. Dodge*, for the plaintiffs.

*E. R. Hoar & A. A. Ranney*, for the defendants.

In support of the jurisdiction of this court over this bill, the following authorities were cited: Gen. Sts. *c.* 113, § 2. *Dimmock* v. *Bixby*, 20 Pick. 368. *Hooper* v. *Hooper*, 9 Cush. 122, 127. *Treadwell* v. *Cordis*, 5 Gray, 341. *Jackson* v. *Phillips*, 14 Allen, 539, 593. *Putnam* v. *Collamore*, 109 Mass. 509. *Lincoln* v. *Wood*, 128 Mass. 203. *Dearth* v. *Hide & Leather Bank*, 100 Mass. 540.

GRAY, C. J. The cases cited in argument afford no precedent for this bill. It is not a bill to obtain directions as to the

interpretation of the terms of a will or deed of another person, by or under which the plaintiffs have been appointed trustees ; nor are there conflicting claims to the fund in their hands.   But the question presented by the bill is whether a trustee, to whom, by a decree made by a justice of this court at the plaintiffs' own request and with the consent of all parties interested, a portion of the fund in the hands of the plaintiffs has been ordered to be paid, is entitled, under all the circumstances of the case, to receive it without first giving bond to the judge of probate.   The bill does not impugn the validity of that decree.   The doubt suggested is not as to the person entitled to the fund, but as to the steps necessary to be taken by him in order to qualify him to receive it.   The plaintiffs have a complete and adequate remedy to try that question, by way of defence to any suit that may be brought against them by the trustee, if he shall bring such a suit without having given bond.          *Bill dismissed.*