# CHARLESTON.

DANIELS *et al.* v. BISHOP *et al.*

Submitted November 14, 1916.    Decided November 21, 1916.

1. DEEDS—*Construction—Interest Conveyed.*

  A deed for land to infant grantees, containing the clause—''It is expressly understood by and between all the parties to this deed that the said Allen Ferrell (the grantor) is to hold the possession and receive the rents and profits of the said property (granted) until the said grantees and parties of the second part to this deed become twenty one years of age, and when the said grantees become twenty one years of age the absolute title to said property in fee simple shall vest in them''—vests in the grantees a fee simple title, subject to a term for years reserved in the grantor and expiring only upon the attainment by the infants of their majority, notwithstanding death of the grantor within that period. (p. 241). .

2. EXECUTORS AND ADMINISTRATORS—*Personal Assets.*

Rents accruing during a term of years reserved in lands conveyed, when collected by the executor of the deceased grantor, are personal assets of the estate, to be administered as required by the law of descents and distribution. §9, ch. 78, and §8, ch. 93, Code. (p. 244).

Appeal from Circuit Court, Mingo County.

Suit by Vicie Daniels as administratrix, and others against Alex Bishop as executor, etc., and others. From decree for plaintiffs, defendants appeal.

*Affirmed in part. Reversed in part. Remanded.*

*John L. Stafford, Thomas West* and *Wiles & Bias,* for appellants.

LYNCH, JUDGE:

A deed executed in due form by Allen Ferrell October 18, 1902, conveying to Frank Daniels and Dixie Daniels, infants, certain lands, contains this provision, which alone brings the case here for review: "It is expressly understood by and between all the parties to this deed that the said Allen Ferrell is to hold the possession and receive the rents and profits of the said property until the said grantees and parties of the second part to this deed become twenty one years of age, and when the said grantees become twenty one years of age the absolute title to said property in fee simple shall vest in them". Ferrell died testate within the minority of the grantees, and Dixie Daniels afterwards but before she attained her majority. Her brother Frank still is an infant about sixteen years old. Ferrell collected the rents accruing from the property conveyed until the date of his death, and the executor of his will thereafter until the institution of this suit. Mrs. Ferrell, now Mrs. Stinson, did not join in the conveyance, and renounced the provisions of the will as to her.

Vicie Daniels in her own right as the mother and one of the heirs and the administratrix of Dixie Daniels, and Frank Daniels by her as next friend, filed their bill against Alex Bishop, executor of the will of Allen Ferrell, Wayne Ferrell his infant son, and Vesta Stinson his widow, praying that

the paragraph quoted from the deed be interpreted to constitute the grantees as owners in "fee simple absolute without reservation or exception of the property described in the deed filed herein from and after the date of the death of said Dixie Daniels or from and after the date of the death of Allen Ferrell, whichever the equities of the case demand", an accounting by the executor for the rents received by him and payment thereof to the plaintiffs or such of them as are entitled to receive the same, and that "they" be awarded possession of the property, and general relief.

This prayer the decree appealed from by the executor and his co-defendant Wayne Ferrell granted, and held the grantees entitled upon the death of Allen Ferrell to the immediate possession of the property "without reservation or exception, subject to the dower interest of Vesta Stinson", and Vicie Daniels entitled after the death of Dixie Daniels to an undivided one fourth and Frank Daniels to an undivided three fourths interest in the property, and a like share of the rentals in the hands of the executor, less one third therein decreed to Vesta Stinson, who does not appeal or cross-assign error. Is this decree right?

Correctly interpreted in its entirety, the deed vested the title in the grantees as of its date, but withhold possession and usufruct of the property conveyed during their minority. It reserved to Allen Ferrell a term of years in the lots granted, that term expiring only when the grantees attained their majority. So reads that instrument. Its terms are definite and unambiguous; language can not state more explicitly the real intention of the parties. There is no room for doubt or uncertainty as regards its meaning or purpose. The death of the grantor was not an event contemplated in curtailment of the term reserved. Evidence of a contrary intention orally expressed by the grantor while living is not admissible, under any recognized rule of law, where there is no ambiguity in the language of the instrument or doubt in its meaning. When not obscure, doubtful or uncertain, the instrument bespeaks its real purpose and intendment. The general rule applicable to the interpretation of deeds is that the intention of the parties must be ascertained from the deed itself, where

that intention is expressed with reasonable certainty. *Griffin* v. *Coal Co.*, 59 W. Va. 480. Deeds are to be interpreted according to their subject matter, and the meaning given that will effectuate the purpose intended, as gathered from the language used, if legally possible and consistent with the various terms employed by the parties as expressive of their real intention. Only where there is uncertainty or vagueness in the language of an instrument, or its language is susceptible of inconsistent interpretations, can proof of circumstances attending and inducing its execution be admitted to disclose what was the purpose contemplated and intended when it was entered into by them. *Clayton* v. *County Court*, 58 W. Va. 253. The facts and circumstances, the subject matter and situation of the parties, proof of which is allowable to render clear what might otherwise remain obscure, are those which exist at the date of the execution of the paper, without regard to the hardship or distress, the benefit or advantage that may result or be occasioned to either party thereto. *McDonald* v. *Jarvis*, 64 W. Va. 62.

Nothing attempted to be proved by the depositions taken and read as the basis for the finding of the lower court can be considered in support of the conclusion embodied in its decree. In effect, it converts a term of years into an estate for the life of the grantor, contrary to the obvious meaning and intention of the parties as concisely expressed on the face of their deed. The decree effectually cancelled the clause reserving the term of years, and therefor substituted a reservation for the grantor's life. The decretal order operated to transform the reservation from that agreed upon and fixed by the deed into one to suit the circumstances developed by the demise of one of the contracting parties. This substitution can not be permitted, as it violates well recognized canons of construction and interpretation of deeds and writings of a similar nature. Courts must interpret contracts so as to effectuate the expressed intention of those who make them. It is without legal warrant of authority to say what the parties should have done. It is empowered rather to determine what they have done, as appears from the instrument itself, when its intendment is free from doubt or obscurity.

Although in some degree emphasizing the duration of the term reserved and its consequential emoluments, the clause in substance providing for the devolution of an absolute title at the termination of the reservation upon the attainment by the grantees of the age of twenty one years adds nothing to the efficacy of the deed, as the title vested upon delivery of that instrument. It then vested in them a fee simple title, subject only to the possession and rentals reserved, the expiration of the term fixed for the dominion and enjoyment of the grantor operating only to disencumber the estate granted. As the termination of the term agreed on was the date at which the grantees should reach the age of twenty one years, and not until that date, obviously the death of Allen Ferrell was not contemplated and not expressed to abbreviate the continuity of the possession or the enjoyment of the rentals. The deed contains nothing from which to infer an intention to limit the term to one for life.

The decree, therefore, erroneously adjudged Vicie Daniels and Frank Daniels entitled to the possession of the property as of the date of Allen Ferrell's death, and to the payment to them of the rentals in the hands of Bishop and those thereafter to accrue during such term. They can not enter into complete occupancy and enjoyment of the property, nor compel the distribution of that fund within the time fixed therefor in the deed. To them the fund does not belong. It is part of the estate of Allen Ferrell, and, as such, under the administration and control of his executor, and disbursable conformably with the provisions of the testator's will. From that course of administration it can not legally be diverted. The statute, §8, ch. 93, Code, impliedly if not expressly confers on the representative of a deceased holder of a term yielding rent authority to recover the rentals accruing during the unexpired portion of that term. He collects or recovers them under that provision, as it recognizes them as a part of the assets of the estate, distributable to the heirs or legatees in the absence of creditors of the estate.

As Vesta Stinson does not complain of the sum allowed

her by the decree, it will be affirmed as to her; but as to the part thereof which directs payment of the residue of the rentals to Vicie Daniels and Frank Daniels, and confers on them right to the possession of the property, it will be reversed, for the reasons assigned, and the cause remanded for further proceedings agreeably to the principles announced and as equity may require.

*Affirmed in part.    Reversed in part.    Remanded.*