# CHARLESTON.

Sycamore Coal Company *et al. v.* Dixie Adkins *et al.*

(No. 4909.)

Submitted March 9, 1926.　Decided March 23, 1926.

1. Deeds—*Evidence of Its Meaning Will Not be Heard If Deed be Unambiguous, and Only When Its Meaning and Intent is Not Clear Will Oral Evidence be Received to Aid in Its Interpretation.*

   If a deed be unambiguous, it speaks for itself and evidence of its meaning and intent will not be heard. It is only when its meaning and intent is not clear, that oral evidence will be received to aid the court in arriving at a proper interpretation.　(p. 216.)

   (Evidence, 22 C. J. § 1570.)

2. Same—*Deed to Minerals Which Grants Full Mining Rights Over and Upon the Land, Right to Take and Use Water and Stone, Right to Use All Timber Except That Over Specified Size Found Within a Designated Area on Premises for Mining Purposes, Conveys Right to Take and Use for Mining Purposes Timber on Land Conveyed Under Size Specified.*

   A deed to minerals which grants full mining rights over and upon the land, the full right to take and use all water and stone, and full right to take and use all timber for mining purposes, excepting merchantable timber over eighteen inches in diameter found on so much of said premises as lies within a certain designated area, conveys to the grantee the right to take and use for mining purposes all timber on the land conveyed, under eighteen inches in diameter.　(p, 216.)

   (Mines and Minerals, 27 Cyc. p. 679 [Anno].)

3. Evidence—*Evidence Having No Bearing on Issues Raised by Pleadings Should Not be Considered.*

   Evidence which has no bearing on the issues raised by the pleadings should not be considered.　(p. 216.)

Hatcher, Judge, absent.

(Pleading, 31 Cyc. p. 680.)

(Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Mingo County.

Action by Sycamore Coal Company et al. against Dixie Adkins et al. to enjoin defendants from interfering with plaintiff in its enjoyment of certain rights claimed by it under a coal lease from United Thacker Coal Company.

*Decree reversed; injunction reinstated; cause remanded.*

*Wade H. Bronson, Buford C. Tynes* and *H. L. Ducker,* for appellant.

*Geo. R. C. Wiles,* on application for rehearing.

LIVELY, JUDGE:

This is a suit in equity instituted by the Sycamore Coal Company to enjoin the defendants Dixie Adkins and Boyd Adkins from interfering with plaintiff in its enjoyment of certain timber rights claimed by it under a coal lease from the United Thacker Coal Company. A temporary injunction theretofore awarded was dissolved and the plaintiff's bill dismissed. This appeal followed.

The plaintiff, the Sycamore Coal Company, was engaged in mining coal upon Sycamore Creek in Mingo County. Adjoining its operations were coal lands owned by the United Thacker Coal Company, a portion of which coal land was leased by the latter company to the plaintiff. In this lease there was granted to plaintiff, among other things, the right to use for mining purposes on said leased premises the timber thereon to the same extent that the use thereof had been granted to James E. Price, Trustee, by deed from Stephen Adkins and wife, dated March 9, 1889, through which deed the predecessors in ownership of that part of the coal lands of the United Thacker Coal Company trace their title.

In 1920, while the Sycamore Coal Company was cutting timber 18 inches and under in diameter on the leased premises to be used in mining operations thereon, the defendants Dixie Adkins and Boyd Adkins (the present owners of the greater portion of the surface covered by plaintiff's lease from the United Thacker Coal Company), sought to prevent it from cutting said timber. Whereupon, the plaintiff Coal Company instituted this suit in equity to restrain the defendants from such interference. The lessor of the plaintiff, the United Thacker Coal Company, was made a party defendant in order that its rights under the deed from Stephen Adkins to Price, Trustee, might be determined. The United Thacker Coal Company answered and filed a cross bill against the defendants Dixie and Boyd Adkins, setting up for relief the same

state of facts pleaded by the Sycamore Coal Company.  Its cross bill was dismissed, and it also appeals.

Several matters were presented to the trial court by the pleadings filed and the proof taken in this cause, but the controlling questions before this court on this appeal are: (1) what are the timber rights of the United Thacker Coal Company in the Adkins' tract of coal lands described in its answer and cross bill? and (2) what are the timber rights of the United Thacker Coal Company and its lessee, the Sycamore Coal Company, in that part of the Adkins' tract of coal lands being operated by the latter company?  The determination of these questions involves the construction of the deed from Stephen Adkins to Price, Trustee.  In this deed, which purported to convey the mineral rights of every description in certain parcels of land aggregating about 1600 acres, there was contained the following language, ". . . together with the full and complete rights and privileges of every kind for mining, manufacturing and transporting such minerals and other substances on, through and over the said premises, and in particular the right of exploring for, extracting, sorting, handling and defining the said minerals and other substances; and also with full rights of way to, from and over said premises by the construction and use of roads, tramways, railroads or otherwise for the purpose of exploring, extracting, storing, hauling, manufacturing, refining, shipping or transporting all said minerals or any other substances, whether contained on said premises or elsewhere and for any other purpose whatever, and with the full right to take and use all water and stone on said lands, *and with the full right to take and use all timber, excepting merchantable timber over eighteen inches in diameter found on so much of said premises as lie on the South side of Pigeon Creek, from Lick branch opposite where said Adkins now lives and below the said branch to the lower end of said lands required for any of the above purposes.*"

It was the contention of the defendants Dixie and Boyd Adkins, in the lower court (they have made no appearance on this appeal), that the only timber rights which the grantee and his assigns in the above mentioned deed had in the tracts

of coal lands conveyed, was the right to cut timber, eighteen inches and under in diameter, from a point near the mouth of Lick Branch known as Lick Branch Point Ridge, on the South side of Pigeon Creek, and from said ridge in or near the mouth of said branch down to the lower end of said farm. This area contained about twenty-five acres of land, and did not include any part of the premises leased by the Sycamore Coal Company from the United Thacker Coal Company. On the other hand, the appellants contend that the grantee and his assigns in said deed were entitled to cut timber to be used for mining purposes, upon the entire property conveyed, except merchantable timber over eighteen inches found on so much of said land as was included within the excepted area on the South side of Pigeon Creek; the excepted area, according to appellants, containing about three hundred acres.

The lower court dissolved the temporary injunction, found in favor of the defendants' contention, dismissed the bill and cross-bill, and decreed that neither of the appellants had any title to or right to cut any timber for mining purposes on any of the land conveyed by the Stephen Adkins' deed of 1889 to Price, Trustee, except a small tract of about twenty-five acres which lies on the South side of Pigeon Creek below Lick Branch and set out by points designated on a map of the entire acreage conveyed by the Stephen Adkins' deed, made by Engineer Sell; and on that 25-acre tract only, timber under 18 inches in diameter could be cut by them for mining purposes. The effect of this decree was to deny to the Sycamore Coal Company the right to cut any timber whatever on its lease, for the 25-acre tract was quite distant from its lease; and the effect of the decree was also to deny the right of the United Thacker Coal Company to cut any timber on the 1600-acre Adkins' tract (actually about 1100 acres), except on the 25-acre tract set out by bounds in the decree, and then only from that tract, the timber under eighteen inches in diameter. The brief of appellants' counsel says that the United Thacker Coal Company owned in fee this twenty-five acres at the time of the institution of the suit. We find no documentary evidence on which that statement is based.

It is obvious that any relief to which appellants may be

entitled depends upon a consideration of the timber grant in the Stephen Adkins' deed of 1889. Part of the evidence relates to opinions of witnesses as to the meaning of the timber grant, and is clearly inadmissible; and much of defendant's evidence is for the purpose of locating the excepted area which they claim was the only area in which any timber at all could be cut, on the assumption that no timber whatever could be cut by the grantee and his assigns, except on the South side of Pigeon Creek from Lick branch opposite the Adkins' residence and below Lick Branch to the lower end of the tract. Some of defendant's evidence consisted of alleged declarations made by Stephen Adkins of the area on which he had granted timber rights by his deed, and offered by his descendants or their assigns. They were self-serving declarations, made long after the deed was made, and were clearly inadmissible. *Daniels* v. *Bishop,* 79 W. Va. 240. The deed is the repository of what the parties meant, and cannot be varied by evidence of declarations, before or after its execution, nor by the conversations or interlocutions at or before its execution.

It is well established that if a contract be ambiguous, oral evidence is admissible to show the situation of the parties, the surrounding circumstances, what brought about the contract, and their subsequent acts, all for the purpose of aiding the court in arriving at the intention; but evidence cannot be received to show their declarations or conversations before or after the execution of the contract. *Snyder* v. *Robinett,* 78 W. Va. 88; *Uhl* v. *R. R. Co.,* 51 W. Va. 106; *Crislip* v. *Cain,* 19 W. Va. 438. "The declarations of parties, as to what they intended by the language they used, are inadmissible." *Lewis* v. *Flour & Feed Co.,* 90 W. Va. 471, 477. Evidence of Duke, who was attorney for Price, Trustee, and who conducted the negotiations of purchase from Stephen Adkins, was offered to show the situation of the parties, and he says that much more money per acre was paid Adkins for the purchase than was paid others in that vicinity, because of the abundant timber on the Adkins' land; and that it was necessary to have a large acreage of timber to properly mine the three seams of coal on this large acreage. We do not regard Duke's evi-

dence of importance. His construction of the meaning of the language used in the timber clause of the deed is inadmissible, although possibly persuasive (being an eminent lawyer) if it were competent. As above stated, evidence to show the occasion of the contract, the surrounding circumstances and subsequent acts of the parties is admissible only where there is an ambiguity in the contract. But where the contract is not ambiguous it speaks for itself by the words used in it, and oral evidence cannot be received to vary or explain it.

We perceive no ambiguity in the deed for the sale of the timber for mining purposes. The deed gives the right to take all the minerals, all privileges over the land for mining, manufacturing and transporting them, the full right to use all water and stone on the land for mining purposes, and the full right to take and use all timber for mining purposes, excepting the merchantable timber over eighteen inches in diameter found on a certain portion of the land (South side of Pigeon Creek from Lick Branch and below the said branch to the lower end of said lands). The area excepted relates to the merchantable timber over eighteen inches in diameter, which cannot be taken. The right to take and use all of the timber is granted. Then follows the excepting words, which by grammatical rule modify the full grant by excepting the merchantable timber on a designated part of the land. The language of a deed is always construed against the grantor and in favor of the grantee, if there be ambiguity—4 Ency. Dig. Va. & W. Va. Repts. page 420; and if we could consider the situation of the parties (granting that there were an ambiguity), the nominal value of timber on lands inaccessible to transportation in the year 1889, the necessity of sufficient timber for properly conducting mining operations for three seams of coal, and the acreage conveyed, it would be difficult to construe differently the timber grant, in the light of the other provisions of the deed above noted.

The evidence relating to the location of the restricted area on which appellants may not take merchantable timber over eighteen inches in diameter, and the actual location of that area, is unimportant, for it is not properly an issue in the cause. Neither of the appellants is asserting the right to cut

merchantable timber on appellees' tract of land. The bill is predicated on the right of the Sycamore Coal Company to cut the timber eighteen inches and under in diameter on its lease, and the cross-bill of the United Thacker Coal Company seeks to assert the same right. The injunction is to restrain defendants from interfering with plaintiff in cutting timber eighteen inches or under in diameter on its lease. When, if ever, either of the appellants cuts or attempts to cut merchantable timber on appellees' land, the question of the location of that excepted area may properly arise.

The decree will be reversed, the temporary injunction reinstated and made permanent, and the cause remanded.

*Decree reversed; injunction reinstated; cause remanded.*