GEORGE R. SEAMONDS, *Mayor, et als. v.* HARLEY O. STURM

(CC 616)

Submitted October 24, 1939. Decided November 21, 1939.

*Okey P. Keadle,* for plaintiffs.
*Scott & Ducker,* for defendant.

HATCHER, JUDGE:

In 1926 the defendant Sturm applied for a position in the police department of the City of Huntington; was examined by its Civil Service Board, and the result certified to the City's Board of Commissioners as provided by the city charter of 1921, then in force, and was appointed a policeman. He served continuously as such until just prior to the institution of this suit, when he became totally disabled physically. He then applied for a pension from the Policemen's Pension Fund. The trustees of the fund

brought this suit for judicial instruction on whether to grant the pension or not. A demurrer to the bill was overruled and its sufficiency certified here.

The bill concedes the disability of defendant, and questions his right to the pension only as follows: "* * * at the time he was appointed to a position in the police department of the City, he was not, according to the rules and regulations then legally in force and effect * * * eligible to be appointed." The specific rule referred to is one of the Civil Service Board that every applicant should not be more than forty-five years of age. Defendant was aged forty-six years and eleven months when he entered the police service. Plaintiffs disclaim information that defendant misrepresented his age to the Board at the time of his examination, and allege that they do not charge him with practicing fraud on the Board.

It is established that a court of equity will entertain the bill of trustees asking instruction upon the effect of a doubtful instrument relating to the trust estate, or upon the effect thereon of "considerations purely equitable", or upon the disposition of conflicting claims against it. *McDonald* v. *Jarvis*, 64 W. Va. 62, 60 S. E. 990, 131 Am. St. Rep. 889; 26 R. C. L., Trusts, section 233; 65 C. J., Trusts, section 540. But this advisory jurisdiction will not be so expanded ("perverted") as to make the court the general legal advisor of the trustees. *Clay* v. *Gurley*, 62 Ala. 14. They are not entitled to have the court solve mere questions of law. *Greene* v. *Mumford*, 4 R. I. 313. Nor are they entitled to the court's advice upon a question where they "have a complete and adequate remedy to try that question by way of defense to any suit that may be brought against them." *Dodge* v. *Morse*, 129 Mass. 423, 425. Accord (generally): *Stapyleton* v. *Neeley*, 44 Fla. 212, 32 So. 868; *Bowers* v. *Smith*, 10 Paige N. Y. 193; *Harrison* v. *Owsley*, 172 Ill. 629; 50 N. E. 227; *Smith* v. *Morrow*, 84 N. J. Eq. 395, 93 Atl. 695, 696. And especially will the court not instruct them whether they "shall reject or allow a claim." *Jackson* v. *Jackson*, 8 0. Dec. Reprint, 105. Accord: *Parkhurst* v.

*Ginn,* 228 Mass. 159, 117 N. E. 202, Ann. Cas. 1918 E. 982. See also, Perry on Trusts (7th Ed.), section 476 a.

The questions regarding defendant's application are: did the charter of 1921 confer on the Board authority, express or implied, to make the rule as to age; if so, did the Board have power to waive the rule; if not, what effect has subsequent legislation had upon the original status of defendant? These are legal questions, every one. The prayer of the bill is for the court to "enter a decree advising, instructing and directing your complainants as to the action which they should take upon the application of the respondent." In other words, the trustees are simply asking the court whether to reject or allow defendant's claim. Since the answer can be readily had in an action at law, if they resist the claim, they must seek the answer there.

The ruling is reversed, the demurrer sustained and the bill dismissed.

*Reversed; demurrer sustained; bill dismissed.*