THE KANAWHA BANKING AND TRUST COMPANY, *et al.*

*v.*

GEORGE P. ALDERSON, *State Tax Commissioner.*

(CC 714)

Submitted October 2, 1946. Decided December 21, 1946.

*Frederick L. Thomas* and *Spilman, Thomas & Battle* for plaintiffs.

*Ira J. Partlow,* Attorney General, *Robert L. Ramsey* and *Eston B. Stephenson,* Assistant Attorneys General, for defendant.

HAYMOND, JUDGE:

The controversy involved in this certified case results from an additional assessment of inheritance taxes against the petitioners, Kanawha Banking & Trust Company, and John T. Morgan, Executors of the last will of B. S. Morgan, deceased, by the respondent, the State Tax Commissioner of West Virginia, upon a transfer of real estate by deed made by the testator to his two sons, John T. Morgan and B. S. Morgan, Jr., on January 11, 1928.

An appeal from this assessment was allowed by the Circuit Court of Kanawha County, upon the petition of the executors, under Code, 11-11-21. The State Tax Commissioner filed a demurrer and an answer to the petition. The demurrer was overruled, and on joint motion of the parties the Circuit Court certified here the questions raised by the demurrer and the answer, and the case was docketed for hearing in this Court.

The points of law arising upon the demurrer and the answer of the State Tax Commissioner, and certified to this Court, are:

1. Whether a deed made by B. S. Morgan, in which his wife, Annie T. Morgan, joined, dated January 11, 1928, conveying real estate in Charleston, West Virginia, described in the deed, to his two sons, John T. Morgan and B. S. Morgan, Jr., for the stated consideration of one dollar, in which deed a life estate for each of the grantors was reserved, is subject to the inheritance taxes assessed by the State Tax Commissioner.

2. Whether the property is subject to an inheritance tax only on the remaining life estate of the widow of B. S. Morgan, deceased, who survives him.

B. S. Morgan, a well to do resident of Charleston, West Virginia, departed this life testate on March 3, 1945. He disposed of his estate by will in which the Kanawha

Banking & Trust Company and John T. Morgan are named as executors. The assets of his estate, listed in his name, were duly appraised and inheritance taxes were assessed upon the property embraced in the appraisement, which taxes were paid. Later, on November 29, 1945, the State Tax Commissioner, being of the opinion that the real estate transferred by the deed of B. S. Morgan and Annie T. Morgan, his wife, to his two sons, John T. Morgan and B. S. Morgan, Jr., on January 11, 1928, was subject to inheritance taxes, assessed an additional tax of $3,437.58 against the executors because of such transfer. In assessing this tax the State Tax Commissioner has acted on the assumption that, for the purpose of such tax, the real estate situated in Charleston, and described in the deed of January 11, 1928, is a part of the estate of B. S. Morgan, and that, because of the reservation by him and his wife of a life estate for each of them, the transfer did not take effect in possession or enjoyment until after the death of B. S. Morgan. It is not contended by the State Tax Commissioner that the transfer of the property by the deed of January 11, 1928, almost seventeen years before the death of B. S. Morgan, was not made in good faith, or that it was made in contemplation of his death, but the State Tax Commissioner bases his right to assess the tax upon the ground that the conveyance of the property by the foregoing deed constitutes a transfer which was intended to take effect in possession or enjoyment at or after the death of the grantor. The property was valued, as of the date of the death of the grantor, for the purposes of the tax, at $121,000.00. B. S. Morgan left surviving him his widow, Annie T. Morgan, who is now past eighty-three years of age, and his two sons, John T. Morgan and B. S. Morgan, Jr.

The executors, the petitioners in the proceeding in the Circuit Court, attack the assessment of the additional inheritance taxes as erroneous and invalid. They insist that the deed of January 11, 1928, admittedly made in good faith, constituted an irrevocable conveyance of the real estate, subject to the life estates reserved to B.

S. Morgan and Annie T. Morgan, his wife, as a bona fide gift made by B. S. Morgan in his lifetime, and that, as the transfer was not made in contemplation of death, it was not intended to take effect in possession or enjoyment at or after death, and is therefore not subject to an inheritance tax under the laws of this State.

The controlling issue in the case is whether the transfer is within certain provisions of Section 1 (c), Article 11, Chapter 11 of the Code, 1931, which, as Section 1 (c), Chapter 33, Code of 1923, were in effect at the time of the execution and the delivery of the deed dated January 11, 1928.

The pertinent portions of that statute, Code, 1931, 11-11-1 (c), are couched in this language:

"A tax, payable into the treasury of the state, shall be imposed upon the transfer, in trust, or otherwise, of any property, or interest therein, real, personal or mixed, of five hundred dollars or more if such transfer be: * * * (c) by a resident, * * * by deed, grant, bargain, sale or gift, made in contemplation of the death of the grantor, bargainor or donor, or intended to take effect in possession or enjoyment at or after such death. * * *."

The above quoted provisions of the statute except the phrase "of five hundred dollars or more", were first embodied in the law of this State by Chapter 6, Acts of the Legislature of 1904, Extraordinary Session, and they have been retained in each subsequent enactment of the Legislature dealing with the subject. They are expressly incorporated in the Code of 1923 and in the Code of 1931. By Chapter 126, Acts of the Legislature of 1939, Regular Session, an amendment was added to Section 1 (c), but the amendment does not affect the operation of the section as it formerly stood with relation to the question which arises in this case. In these statutes, the tax which is imposed is characterized as an inheritance tax.

It is to be noted that the statute makes taxable the transfer of the designated property and interests, of the value of five hundred dollars or more, by any of the

methods specified, made in contemplation of the death of the person making the transfer, or intended to take effect in possession or enjoyment at or after his death.

The petitioners, the executors of the will, contend that the estate in remainder, with its lawful incidents, which is all that was conveyed by the deed, vested upon the delivery of the deed, more than seventeen years before the death of B. S. Morgan, the grantor who owned the property in fee simple; that the possession and the enjoyment of the estate conveyed, which consisted of a vested remainder, attached immediately upon the delivery of the deed; that the transfer thus completed, being an absolute and irrevocable transfer of real estate, with a life estate reserved to each of the grantors, B. S. Morgan and Annie T. Morgan, his wife, was not intended to take effect in possession or enjoyment at or after death; and that the transfer is, for that reason, not within the scope of the taxing statute.

In support of this contention the petitioners rely upon a somewhat similar section, contained in certain Acts of Congress, which was in effect at the time of the transfer, the pertinent provisions of which imposed a tax upon the transfer of the net estate of every decedent dying subsequent to its enactment, and declared that the value of the gross estate of the decedent should be determined by including the value, at the time of his death, of all property, real or personal, tangible or intangible, wherever situated, "To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after death * * *."

The federal legislation just referred to was first enacted as Section 202 (c) of Title II of an Act to Increase the Revenue, and for other purposes, passed by Congress, and approved September 8, 1916. The same provisions were embodied in Section 402 (c) of Title IV of the Revenue Act of 1918, passed by Congress, and approved February 24, 1919, and in Section 302 (c) of Title III

of the Revenue Act of 1926, passed by Congress, and approved February 26, 1926. In all the foregoing enactments the tax is imposed under the title of estate taxes. The foregoing legislation was amended, by a Joint Resolution of Congress of March 3, 1931, for the express purpose of including in the taxable gross estate of a decedent any " * * * transfer under which the transferor has retained for his life or any period not ending before his death (1) the possession or enjoyment of, or the income from, the property or (2) the right to designate the persons who shall possess or enjoy the property or the income therefrom * * *."

In litigation arising under the first above quoted federal legislation, as it existed before the amendatory Joint Resolution of March 3, 1931, the Supreme Court of the United States, in the case of *May* v. *Heiner*, 281 U. S. 238, 50 S. Ct. 286, 74 L. ed. 826, decided April 14, 1930, construed its provisions with reference to a transfer made October 1, 1917, by a transferor who died March 25, 1920. In that case it appeared that, by a written instrument, dated October 1, 1917, Pauline May, the wife of Barney May, transferred to him and others, as trustees, with power to change the investments, designated securities in trust, to collect the income from them, and, after the payment of taxes and expenses, to pay the balance to Barney May, during his lifetime, and after her death all the property included in the trust, less the expenses of the trust, was to be distributed equally among her four children. Upon the death of Pauline May a tax was assessed upon the property held under the trust. The tax was paid by her executors, who then sued the Collector, for a refund, in the District Court of the United States for the Western District of Pennsylvania. The judgment of that court, in favor of the Collector, was affirmed by the Circuit Court of Appeals. On certiorari, the Supreme Court held that the refund should have been allowed and reversed the judgments of the District Court and of the Circuit Court of Appeals. In the opinion the court said:

"The transfer of October 1, 1917, was not made in contemplation of death within the legal significance of those words. It was not testamentary in character and was beyond recall by the decedent. At the death of Mrs. May no interest in the property held under the trust deed passed from her to the living; title thereto had been definitely fixed by the trust deed. The interest therein which she possessed immediately prior to her death was obliterated by that event."

The joint resolution of March 3, 1931, was later held by the Supreme Court of the United States to operate only prospectively, and not retroactively, as to transfers with reservation of life income made prior to its adoption by persons who died subsequent to its enactment. *Hassett* v. *Welch*, 303 U. S. 303, 58 S. Ct. 559, 82 L. ed. 858.

The decision in the *May* case has been followed by the federal courts in numerous cases in which transfers of the character of the transfer involved in that case, occurring while the Acts of 1916, 1918, and 1926 were in effect, were sought to be taxed under those statutes. *Burnet* v. *Northern Trust Company*, 283 U. S. 782, 51 S. Ct. 342, 75 L. ed. 1412; *Morsman* v. *Burnet*, 283 U. S. 783, 51 S. Ct. 343, 75 L. ed. 1412; *McCormick* v. *Burnet*, 283 U. S. 784, 51 S. Ct. 343, 75 L. ed. 1413. See *Hassett* v. *Welch*, 303 U. S. 303, 58 S. Ct. 559, 82 L. ed. 858. It is asserted by the State Tax Commissioner, the respondent, that the *May* case has been overruled by subsequent decisions of the Supreme Court. Whether this assertion is correct need not be considered or determined in the decision of this case.

The petitioners argue that, as the provisions of the federal statutes prior to the adoption of the Joint Resolution of March 3, 1931, relative to a transfer intended to take effect in possession or enjoyment at or after death, were held in the *May* case not to apply to a transfer with the reservation of a life estate, which was recognized by Congress in adopting the Joint Resolution, and that because of the similarity of the language of the

above quoted statute of this State, this Court should give a like construction to its provisions and hold it inapplicable to the transfer under consideration in this proceeding.

The transfer of the estate in remainder to the sons of B. S. Morgan vested that estate instantly upon the delivery to them of the deed of January 11, 1928. From that time they were the absolute owners of that estate, free of any claim or interest of the grantors in the deed in or to that particular separate estate. Upon the delivery of the deed the grantees owned a vested remainder in the property with all the incidents of an estate of that nature. The grant of the remainder was irrevocable and could not be recalled by the grantors. A vested remainder is created when a present interest in property passes to a certain and definite person which is to be enjoyed in the future. 21 C. J., Estates, Section 131; *Bland* v. *Davisson*, 77 W. Va. 557, 88 S. E. 1021, 94 S. E. 539. The grantees could sell or convey it during the continuance of the life estate which remained in each of the grantors in the deed. 21 C. J., Estates, Section 155. They could also prevent any waste or injury to the corpus of the property by the owners of the life estate. 21 C. J., Estates, Section 87; *Koen* v. *Bartlett*, 41 W. Va. 559, 23 S. E. 664; *Williamson* v. *Jones*, 39 W. Va. 231, 19 S. E. 436; *University* v. *Tucker*, 31 W. Va. 621, 8 S. E. 410.

The vested remainder, however, was subject to the life estate in each of the grantors, reserved to each of them by the deed of transfer. A life estate is a possessory estate of freehold in the real estate in which a vested remainder exists, and while the life estate continues the right to possession of the realty is in the life tenant. Present enjoyment is the very essense of a life estate. 33 Am. Jur., Life Estates, Remainders and Reversions, Section 4. The tenant of an estate for life in real estate has the right to the full enjoyment and use of the land and of its profits during the continuance of the life estate. *University* v. *Tucker*, 31 W. Va. 621, 8 S. E. 410; *Koen* v. *Bartlett*, 41 W. Va. 559, 23 S. E. 664; *Jarvis* v. *Grafton*,

44 W. Va. 453, 30 S. E. 178; *McDonald* v. *Jarvis*, 64 W. Va. 62, 60 S. E. 990. The right of possession and enjoyment of the property, to the exclusion of the owners of the vested remainder, under the deed of January 11, 1928, remained in the grantors, B. S. Morgan and Annie T. Morgan, his wife, as the holders of a life estate in each of them, from the time of the delivery of the deed until the death of B. S. Morgan, when the possession and the enjoyment of the property became complete and exclusive in Annie T. Morgan instead of joint with B. S. Morgan while he lived. This possession and this enjoyment of the property, in which the sons of B. S. Morgan hold the vested remainder, still exist in Annie T. Morgan as the owner of a life estate in the property.

In view of the foregoing situation, following and resulting from the execution and the delivery of the deed, it is clear that the transfer by which this condition was brought about was intended by B. S. Morgan to take effect in possession or enjoyment at or after his death, and that he made express provision for the possession or the enjoyment of the property until his death, and thereafter until the death of Annie T. Morgan, his wife, in the event she survived him, which event has in fact occurred.

Reverting to the analogous federal estate tax acts, the provisions of which were effective in 1916 and thereafter until that legislation was amended by the Joint Resolution of March 3, 1931, and which provisions were construed in *May* v. *Heiner*, 281 U. S. 238, 50 S. Ct. 286, 74 L. ed. 826, as quoted above, it is pertinent to observe that there is a clear and emphatic difference between the federal estate tax, under the above statutes, and the West Virginia inheritance tax. The one is a tax on the right to transmit; the other is a tax on the right to receive. *Central Trust Co.* v. *James*, 120 W. Va. 611, 199 S. E. 881. Though careful consideration has been given to the decisions of the federal courts which adhere to the doctrine of the *May case*, they are not to be accorded controlling force or effect in the determination of the questions presented in this proceeding. In the *May* case,

which involved a transfer in trust, the transfer of the title from the transferor, to the trustees, was effected upon the delivery of the instrument of conveyance. That feature of the transaction was concluded while the transferor lived. In the case at bar, though there was a like transfer of the title to the vested remainder, from B. S. Morgan, the owner, during his lifetime, to the grantees in the deed, immediately upon its delivery to them on January 11, 1928, the right to receive the possession or the enjoyment of the property does not, and, because of the reservation of the life estate in each of the grantors, could not, become effective until after the death of B. S. Morgan. The conclusion necessarily follows that the transfer of the vested remainder to the grantees in the deed of January 11, 1928, is within the scope and the application of the statute heretofore quoted in part, Code, 11-11-1 (c), and is therefore taxable.

The petitioners, in oral argument and in their brief filed in this Court, urge the point that, because of the continuance of the life estate of Annie T. Morgan, the widow of the decedent, B. S. Morgan, the assessment of any tax upon the transfer must await the termination of that life estate, and is, for that reason, premature. They advance this ground in support of their contention that the demurrer of the respondent to their petition was properly overruled by the Circuit Court. This contention is without merit for the reason that the tax, by the provisions of the statute, Chapter 93, Acts of the Legislature of 1943, Regular Session, is payable upon the death of the transferor.

For the foregoing reasons, the action of the Circuit Court of Kanawha County, in overruling the demurrer of the respondent to the petition of the executors of the will of B. S. Morgan, deceased, is erroneous, and its ruling is reversed and set aside. Accordingly, the first question certified is answered in the affirmative, and the second question certified is answered in the negative.

*Ruling reversed;*
*case remanded.*