"This case is before the court on defendant’s motion for summary judgment. The plaintiffs, Fred L. Riggleman and Sherri L. Riggleman, husband and wife, seek compensation from the defendant for the use of their farm real estate; the defendant in early' 1967 impounded a number of items of personal property in connection with certain criminal cases, and the items have remained impounded on the farm property since that time. On the basis of the pleadings, briefs, and other materials submitted by the parties, without benefit of oral argument, we grant defendant’s motion.
*866 "The facts may be stated briefly. On February 10 and 11, 1967, a number of search warrants were issued authorizing searches for stolen government property in various locations in and around Beverly, West Virginia. The farm property was owned at the time of the search by Woodrow and Wanda Yokum, the parents of Sherri L. Riggleman. Seizure notices were placed on a barn located on the property, and it was padlocked. Although the defendant removed some property from the premises, it left several military trailers, various motorized vehicles, portable electrical generating equipment, three Army Signal Corps Transmitting Shelters, and other equipment with seizure notices on the premises outside the barn. The equipment had been placed on the farm by Woodrow Yokum and his agents.
"On August 5, 1968, Woodrow Yokum was convicted on six counts of violation of 18 U.S.C. § 2312 (1970) (interstate transportation of stolen motor vehicle), one count of violation of 18 U.S.C. § 2314 (1970) (transportation of stolen property in interstate commerce), and three counts of violation of 18 U.S.C. § 641 (1970) (unlawful sale of government property). On appeal, the conviction on one count of unlawful sale of government property was reversed; the evidence showed that Yokum had apparently stolen the truck in question from the West Virginia State Road Commission, of which he was Highway Supervisor, rather than from the United States. United States v. Yokum, 417 F.2d 253, 255 (4th Cir. 1969), cert. denied, 397 U.S. 907 (1970).
"The farm, subject to a life estate retained by Wanda Yokum, was transferred to Sherri L. Riggleman by a deed dated December 23, 1968. On July 9, 1970 a 31-count indictment against Woodrow Yokum was dismissed by the United States District Court for the Eastern District of Virginia. Woodrow and Wanda Yokum demanded the return of all the personal property except that mentioned in the first indictment along with compensation for the use of the farm property and for deterioration and loss of use of the personal property that had been impounded. The government was willing to return those items to which he could establish his rights of ownership. Yokum was unable *867 to do this to the Government’s satisfaction, and negotiations broke down. On May 22, 1972, the defendant requested permission to remove the property from the premises, which was denied. On April 19, 1973, Wanda Yokum released her life estate to Sherri L. Riggleman. On March 26, 1975, the defendant again requested permission to remove the property from the farm, but it was denied.
"The plaintiffs filed suit in this court on January 2,1975, seeking compensation for the use of their real property from February 10, 1967, and an order to remove the personal property in question from their real estate.[1]
"The plaintiffs seek a trial to determine whether the defendant’s actions in impounding the personal property on the farm were 'reasonable’ and fell within the doctrine of in custodia legis or were unreasonable and constituted a taking under the Fifth Amendment. However, there is no need to hold a trial to decide this issue.
"As the holder of a remainder interest, Sherri L. Riggleman was not entitled to any compensation for the use of the farm before the release of the life estate.[2] A life tenant has complete rights to the present enjoyment of land. Kanawha Banking & Trust Co. v. Alderson, 129 W. Va. 510, 40 S.E.2d 881, 885 (1946); Koen v. Bartlett, 41 W. Va. 559, 23 S.E. 664, 666 (1895). As life tenant, Wanda Yokum would have been entitled to all rents from the property arising under any implied-in-fact-contract. McDonald v. Jarvis, 64 W. Va. 62, 60 S.E. 990, 992 (1908); Koen v. Bartlett, supra. A remainderman has no interest in rents during the existence of the life estate. Koen v. Bartlett, supra; 51 Am. Jur. 2d Life Tenants and Remainderman § 130 (1970).
"Similarly, the measure of damages for a temporary taking as in the instant case[3] would be compensation for *868 the use of the property, to which the life tenant would be entitled, the loss of improvements, and the cost of restoring the property to its pretaking condition. United States v. Pewee Coal Co., 341 U.S. 114, 117 (1951); Eyherabide v. United States, 170 Ct. Cl. 598, 607, 345 F.2d 565 (1965). There is no allegation of any waste or damage to the property such as to entitle a remainderman to compensation therefor; an individual is entitled to compensation for a taking only to the extent his interest is damaged. See United State v. Dickinson, 331 U.S. 745, 748 (1947); Alexander v. United States, 39 Ct. Cl. 383, 394 (1904); 2 Nichols on Eminent Domain §§ 5.22[1]-5.22[2] (revised 3d ed. 1976).
"Although the Yokums executed an assignment of any claims they might have with respect to the use of the farm property to the plaintiffs on June 2, 1976, such an assignment of claims against the United States is ineffective. 31 U.S.C. § 203 (1970). Also, the West Virginia statutes cited by plaintiff do not upon transfer of the land assign causes of action that may have accrued to the transferor in connection with the land to the successor in interest; they merely allow the successor in interest to have the same rights and remedies against a tenant for a breach of a lease agreement that the predecessor in interest would have had. Therefore, there is no question of a transfer of the causes of action by operation of law such as arguably might not fall within the purview of 31 U.S.C. § 203 (1970). See Keydata Corp. v. United States, 205 Ct. Cl. 467, 504 F.2d 1115 (1974). As a result, the plaintiffs can recover on no cause of action that may have arisen before the release of the life estate.
"The plaintiffs likewise are entitled to no compensation for the use of the property after the release of the life estate. Both before and after the release, the defendant sought permission to remove the property from the farm. Under these circumstances there can be no implied-in-fact contract. For such a contract to exist, mutual assent is necessary. Russell Corp. v. United States, 210 Ct. Cl. 596, 537 F.2d 474, 482 (1976), cert. denied, 429 U.S. 1073 (1977); *869 Operational Manuals, Inc. v. United States, 205 Ct. Cl. 854, 855 (1974). Since the Government never acceded to any requests for rent and wished since 1972 to remove the property, the requisite mutual assent was lacking.[4]
"Neither do plaintiffs have a valid taking claim for the period since the release of the life estate. Before the release of the life estate, the defendant, as plaintiffs knew, asked permission to remove the equipment from the farm; this request was repeated subsequently. The plaintiffs are estopped from asserting that the defendant has taken their property by storing the equipment thereon, when they have refused to allow the Government to remove it. Emeco Industries, Inc. v. United States, 202 Ct. Cl. 1006, 1015, 485 F.2d 652, 657 (1973); United States v. Georgia-Pacific Co., 421 F.2d 92, 96 (9th Cir. 1970). They are in effect acting as volunteers in Sherri’s father’s dispute with the defendant over the equipment, in which present plaintiffs claim no interest themselves. Under the facts, the impoundment interferes only with the use of the equipment; any. interference with the use of the farm now arises only from plaintiffs’ refusal to allow the defendant to remove the .personal property. There is no reason why the defendant should be charged rent for its storage on Sherri’s farm, when it is willing to store it elsewhere pending a resolution of the dispute.[5]
"The plaintiffs assert that under state law they have a lien for the accrued rent; however, a lien may not be asserted against the Government’s property without its consent.[6] Armstrong v. United States, 364 U.S. 40, 46 (1960); United States v. Munsey Trust Co., 332 U.S. 234, 241 (1947). In Algonac Mfg. Co. v. United States, supra, 192 Ct. Cl. at *870 677, 428 F.2d at 1257, the court held that rent did not accrue while plaintiff held the Government’s property as security for the accrued rent against the wishes of the Government.
"it is therefore ordered and concluded that defendant’s motion for summary judgment is granted and that plaintiffs’ petition is dismissed.[7]”
Plaintiffs’ motion to set aside the foregoing order was denied on November 25, 1977.

 Woodrow Yokum also filed a suit in this court on January 2, 1975» for the reasonable value of the personal property impounded on the farm. The case was dismissed on the ground that the claim was barred by the statute of limitations, 28 U.S.C. § 2501 (1970). Yokum v. United States, 208 Ct. Cl. 972, 529 F.2d 532 (1975), cert. denied, 429 U.S. 820 (1976).

 Given the disposition of the case, there is no need to determine the standing to sue of the plaintiff Fred L. Riggleman, who apparently has no recorded interest in the farm property.

 The defendant argues that, if there was a compensable taking of the real estate, it was temporary. This is supported by the fact that the defendant has sought to *868 remove the personal property since 1972,

 Cf. Algonac Mfg. Co. v. United States, 192 Ct. Cl. 649, 428 F.2d 1241 (1970) (implied-in-fact contract held to exist, but plaintiff had no right to storage charges for the period following the Government’s request for permission to remove the property from the premises).

 According to an affidavit of a United States Attorney, who handled the criminal proceedings, the Government took the position that the property belonged to the United States. Yokum v. United States, supra, 208 Ct. Cl. at 974.

 The question of ownership of the personal property is not now before the court. Yokum’s suit for the taking of the property was dismissed. Supra note 1. Even if the property does belong to Woodrow Yokum, it would be impermissible for plaintiffs to charge the defendant rent for its storage since the Government is being forced by plaintiffs to store it there.

 However, in the event that the Government should fail to remove the personal property from the farm in a reasonable time after the plaintiffs grant it permission to enter upon the land for such purpose, the plaintiffs may seek leave of court to amend their petition in accordance with Rule 39 to state any cause of action that may accrue from a refusal of the Government to remove the property after permission is granted. Since the defendant has been seeking to remove the property in question since 1972, there seems to be no need at this juncture to issue an order to the defendant to remove it, as requested in plaintiffs’ petition, even assuming that this court could issue such an order in this case.